# Shields *v.* The State, *ex rel.* Lacy.

*Application for Mandamus to County Court Judge.*

1. *Who may act as relator.*—Whether a deputy-solicitor can, as relator, sue out a *mandamus* in the name of the State in a criminal case, "admits of very grave doubt;" but the question is not decided.

2. *City Court of Birmingham; jurisdiction outside of county.*—The City Court of Birmingham (Sess. Acts 1884-5, p. 216) has no jurisdiction to control, by final order or judgment, any inferior court or tribunal outside of Jefferson county, and can not award a *mandamus* to the County Court of Walker, or to the judge thereof.

3. *County Court of Walker; trial by jury.*—Under the provisions of the act approved February 23d, 1883, "in relation to the trial of misde-

[Shields v. The State, ex rel. Lacy.]

meanors in Walker county" (Sess. Acts 1882–3, p. 621, § 4), when a trial by jury is demanded by a person accused of a misdemeanor, it is the duty of the court forthwith to have a jury summoned and impanelled for his trial, instead of transferring the case to the Circuit Court.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

Application by petition, in the name of the State on the relation of S. Lacy, "deputy-solicitor for Walker county," for a *mandamus* to the Hon. JOHN B. SHIELDS, judge of the County Court of Walker county, requiring him to restore to the docket of that court, for trial, a case therein lately pending against one N. W. Morgan, for a violation of the prohibitory liquor law in force in that county; which case had been transferred to the Circuit Court by said County Court, on the defendant's demand for a trial by jury. The defendant filed a plea in abatement to the petition, on the ground that the deputy-solicitor had no authority to institute such proceeding; and also a demurrer, on the same ground, and because the City Court of Birmingham had no jurisdiction of the case. The court struck the plea in abatement from the files, on motion, and overruled the demurrer; and, on the final hearing, awarded a peremptory *mandamus* as prayed. The judgment and rulings of the court are here assigned as error.

WATTS & SON, STRATTON & CARR, and GUNTER & SOWELL, for the appellant.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—It admits of very grave doubt, whether the deputy-solicitor can make himself the relator, and, without other authority, sue out a *mandamus* in the name of the State.—Sess. Acts of 1886–7, 161, § 4. But we need not, and do not, decide this question.

The present proceeding was an application by petition to the City Court of Birmingham, praying and obtaining a *mandamus* to the judge of the County Court of Walker county, commanding him to reinstate a certain case on his docket, and to hear and determine it. The petition for the writ was filed in the city of Birmingham, December 1, 1888, and the judge of that court made his first order taking jurisdiction of it, December 20, 1888. At that time, Jefferson county—the county in which Birmingham is situated—and

Walker county, were in different circuits; the former being in the seventh circuit, and the latter in the sixth.—Code of 1886, pp. 225–6. The creation of the tenth circuit was by an act approved December 12, 1888.—Sess. Acts, 17. It provided expressly, "that this act shall not take effect until the judge of said circuit shall be appointed," &c. We know judicially that the judge of the tenth circuit was not appointed until after December 20, 1888. It follows, that when the City Court of Birmingham took jurisdiction of the petition, Walker and Jefferson counties were in different circuits. The judge of the seventh circuit, sitting in Jefferson county, could not, at that time, entertain jurisdiction of the present case.—*Dunbar v. Frazer*, 78 Ala. 529. It would be a very strange result, if we were to hold that the City Court of Birmingham can exercise a larger common-law jurisdiction, than a Circuit Court, sitting in Jefferson county, can exercise. Sess. Acts 1884–5, 216. We hold that the City Court of Birmingham is without jurisdiction to control, by final order or judgment, any inferior court or tribunal outside of the county of Jefferson. We are not to be understood as affirming, that the judge of the City Court can not make initiatory order in all cases in which judges of the Circuit Courts are authorized to make them; and in the exercise of this power, the City Court is not confined to Jefferson county. But, in power and jurisdiction, his functions are confined to one county.

Want of jurisdiction of subject-matter is a fatal objection to any *quasi*-judicial action, which can neither be waived, nor consentively conferred. The judgment is void.—7 Wait's Act. & Def. 181.

The judge of the County Court of Walker erred in transferring Morgan's case to the Circuit Court. He should have ordered a jury summoned, and tried the case himself.—Sess. Acts, 1882–3, 621, § 4.

A motion should be made in the Circuit Court to strike the case from the docket, as improperly there. This being done, there is no doubt the judge of the County Court will restore the case to his docket, and proceed to hear and determine it. Should he decline to do so, the Circuit Court, on a proper application, will compel him to act. 3 Brick. Dig. 626, §§ 20, 34.

We will not render final judgment here.

Reversed and remanded.