# JUNE TERM, 1922.

---

### WOOLMAN CONSTRUCTION CO. *v.* SAMPSON.

1. MANDAMUS—ISSUE OF FACT RAISED.

    Where plaintiff's allegation in its petition for mandamus to compel the drain commissioners of several counties, including Jackson county, to issue an order for the balance due on a drain contract, that the work was all completed, inspected, and accepted, as required by the contract, was admitted as true by all of the defendants except the commissioner of Jackson county, who denied same, the claim of the latter, in support of his motion to dismiss, that it conclusively appeared that said drain had not been completed, is without merit, but his answer raised an issue of fact for determination.

2. DRAINS — ORDERS—CERTIFICATION BY SPECIAL DRAIN COMMISSIONER NOT REQUIRED.

    Since the repeal of section 8, Act No. 27, Pub. Acts 1901 (1 Comp. Laws 1915, § 4973), by Act No. 109, Pub. Acts 1917, there is no law requiring the certification of an order by a special drain commissioner authorizing payment of the drain contractor on completion of the drain.

3. SAME—SPECIAL DRAIN COMMISSIONER—REPEAL OF STATUTE—EFFECT.

    Where a special drain commissioner for Jackson county was legally appointed in 1915 under Act No. 27, Pub. Acts 1901, the repeal of said act by Act No. 109, Pub. Acts 1917, would not render. void a drain contract signed by him, even if the office of special drain commissioner was abolished by said repealing statute.

4. MANDAMUS—TRIAL OF ISSUE—TRANSFER OF ISSUE TO COUNTY WHEREIN MATERIAL FACTS TOOK PLACE.

    Where said petition for mandamus was filed in Ingham county, and the only issue raised by the return thereto

(125)

was as to whether the drain was completed, inspected, and accepted in Jackson county, defendant drain commissioner of said county was entitled, under the judicature act (3 Comp. Laws 1915, § 13440), to have said issue of fact tried in Jackson county, and his motion for the transfer of said issue thereto was improperly denied.

5. WORDS AND PHRASES—"MATERIAL FACTS."
   The "material facts" of an issue of fact are such as are necessary to determine the issue.

Certiorari to Ingham; Collingwood (Charles B.), J. Submitted May 11, 1922. (Calendar No. 29,998.) Decided June 6, 1922.

Mandamus by the Woolman Construction Company to compel Alice I. Sampson, Clayton E. Deake, George E. Graham and Emmett E. Cochrane, drain commissioners respectively of Hillsdale, Washtenaw, Ingham and Jackson counties, to draw a warrant for a balance due under a drain contract. From an order denying a motion to dismiss, defendant Cochrane brings certiorari. Remanded to be certified to the circuit court of Jackson county.

*Cobb, Bisbee & Wilson* and *M. Grove Hatch,* for appellant.

*C. F. Gates* and *Smith, Hunter & Spaulding,* for appellees.

MCDONALD, J. On the 18th day of July, 1921, the Woolman Construction Company made application to the circuit court for the county of Ingham for a writ of mandamus requiring the defendants to sign and deliver to it an order on the Grand River drain fund for $21,794.91, in payment of the balance claimed to be due on a contract for the construction of the drain. The facts upon which the application was based are substantially as follows: A petition for the construction of a drain to be known as the Grand River drain

was filed with Emmett E. Cochrane, drain commis-
sioner for Jackson county. Because he owned land
which would be assessed for benefits, Mr. Cochrane
was disqualified to act, and on the 7th day of
November, 1915, Chauncy O. Worth was appointed by
the probate court special drain commissioner in the
matter of the drain proceedings. As the proposed
drain affected lands in the counties of Ingham, Wash-
tenaw and Hillsdale, the drain commissioners of these
counties joined with Mr. Worth in the subsequent pro-
ceedings.

On the 24th day of April, 1918, they entered into a
contract with the Woolman Construction Company,
the plaintiff, to construct the drain for a consideration
of $131,975. This contract provided for monthly in-
spection of the completed portions of the work, and
for monthly payments by county drain orders based
upon estimates made by the engineer of the county
drain commissioners. In this manner, as the work
progressed, $110,180.09 was paid on the contract leav-
ing a balance of $21,794.91. The contract also pro-
vided for extra payments in blasting and removing
rock. The plaintiff claims that a full settlement was
had for this extra work with all of the drain commis-
sioners, including Mr. Cochrane, and that in accord-
ance with such settlement an order for $21,000 was
drawn by Mr. Cochrane and signed by him and the
drain commissioners of the other counties, and ac-
cepted by the plaintiff in full payment thereof.

The plaintiff claims that it has fully performed its
contract and that the work has been inspected, ap-
proved and accepted by the engineer and the drain
commissioners, but that they refuse to give an order
in payment of the balance due. On filing of the
petition for writ of mandamus, an order to show
cause was issued.

The defendants Graham, Deake and Sampson, in a

joint and several answer, admit all of the material allegations in the petition; they admit that the work of constructing the drain has been fully performed by the plaintiff in accordance with the contract; that it has been inspected, approved and accepted by the engineer and the drain commissioners, and that there is a balance of $21,794.91 due and unpaid on the contract, in payment of which the plaintiff is entitled to an order on the drain fund; that they are willing to sign the order, but that they have not been able to do so because the blank orders used in connection with this drain are in possession of defendant Cochrane, and that he refuses to deliver them and sign any order with the other commissioners.

Answer was filed by the defendant Cochrane for himself as drain commissioner of Jackson county, in which he says that the plaintiff is not entitled to an order on the drain fund for $21,794.91; that no such amount is due or will become due; that the work is not completed and such portions as are completed are not in accordance with the contract; that there has been no approval or acceptance by the engineer and the drain commissioners; that the special drain commissioner, Mr. Worth, has not certified to him the order to be drawn upon the drain fund and that until he has done so the defendant is without warrant or authority to issue and deliver an order to the plaintiff; that the contract was null and void because at the time it was executed the office of special drain commissioner had been abolished by the legislature, and that Mr. Worth was without authority in the matter. The defendant Cochrane subsequently filed an amended answer in which he claimed the benefit of a motion to dismiss, and in which he also requested that the trial of the issues of fact be had in Jackson county. On the hearing, the circuit judge refused to dismiss the petition and denied the application to certify the

case for trial to the circuit court for Jackson county. The case is brought to this court by certiorari by defendant Cochrane.

The plaintiff claims that the pleadings present but one issue of fact to be determined on the hearing of the order to show cause, and that is whether the construction of the drain had been approved and accepted by the drain commissioners and their engineer. By the terms of the contract the completed portions of the drain were to be inspected once a month. These inspections were to be final, and the completed portions accepted or corrected. The plaintiff alleges that the work was all completed, inspected and accepted as required by the contract. All of the drain commissioners, except Mr. Cochrane, admit the completion of the drain and its inspection and acceptance. His denial raises a question of fact on the determination of which rests the plaintiff's right to a writ of mandamus. In view of this situation, it is difficult to understand the reason for counsel's first assignment of error, that the court should have dismissed the petition "for the reason that it conclusively appeared that said Grand River drain had not been completed at the time of the application for the writ."

Another reason advanced by counsel for the dismissal of the petition is found in the second assignment of error and is based on the undisputed fact that no order to draw on the drain fund had been certified to Mr. Cochrane by the special drain commissioner. In support of this assignment counsel call the court's attention to section 8 of Act No. 27 of the Public Acts of 1901 (1 Comp. Laws 1915, § 4973), which requires a certification of such order. The only trouble with counsel's contention is that the section of the statute upon which they rely was expressly repealed by Act No. 109 of the Public Acts of 1917. At the time an order was requested by the plaintiff there was no

law requiring the special drain commissioner to issue any certificate in reference to it.

In their fifth assignment of error, counsel say that, at the time the contract in question was executed, the office of special drain commissioner had been abolished; that Mr. Worth was not the special drain commissioner for Jackson county, and that, therefore, the contract signed by him was null and void. Act No. 109 of the Public Acts of 1917 does not abolish the office of special drain commissioner, and if it did it would not affect Mr. Worth, who was duly and legally appointed for a special purpose under a prior statute. Act No. 27, Pub. Acts 1901, required that the special county drain commissioner should be a disinterested resident freeholder of the county. Act No. 109 of the Public Acts of 1917 requires that he shall be a disinterested county drain commissioner of an adjoining or nearby county. Under this act, his special duties are limited to making an apportionment of the benefits, and he is as much a special drain commissioner as he would be if he were designated as such in express language.

At the time of the hearing on the order to show cause, counsel for defendant Cochrane made a motion to have the issues of fact tried by a jury in Jackson county. The circuit judge refused to certify the case to Jackson county, but made an order for trial by a jury in Ingham county where the cause was then pending. Counsel base their right to a trial in Jackson county upon the following provision of the judicature act (3 Comp. Laws 1915, § 13440) which reads as follows:

"Whenever a return shall be made to any such writ, the person prosecuting the same may plead to all, or any of the material facts contained in said return; and such issue of fact thus joined, shall be determined as in other cases. * * *

"Such issue of fact shall be tried in the county with-

in which the material facts are alleged to have taken place."

We think the court erred in denying defendant's application to have the case tried in Jackson county. The material facts are such as are necessary to determine the issue. The issue as claimed by the plaintiff is the acceptance of the work under its contract. The drain, as constructed, is wholly within the county of Jackson, and the inspection necessarily took place in that county. There is no issue between the plaintiff and the drain commissioners of the other counties. They have accepted the work and have made their payments. The issue to be tried is solely between the plaintiff and Mr. Cochrane, the drain commissioner of Jackson county. Under these circumstances, we think the material facts took place within Jackson county.

The circuit judge was right in refusing to dismiss the petition; he was wrong in denying defendant's right to have the issues tried in Jackson county. The case will be remanded to the circuit court for the county of Ingham, and the circuit judge will certify the proceedings to the circuit court for the county of Jackson, for trial of the issues raised. Neither party to recover costs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.