STATE OF FLORIDA *ex rel.* ROBERT H. ANDERSON, *et al., Relators,* v. L. L. PARKS, CIRCUIT JUDGE, ETC., AND HAROLD N. BAKER, *Respondents.*

En Bnac.

Opinion Filed July 5, 1927.

*F. P. Fleming* and *Robert H. Anderson,* of Jacksonville, and *John B. Sutton,* of Tampa, for Relators;

*Hon. L. L. Parks* and *Harold N. Baker,* in *pro per,* for Respondents.

STRUM, J.—This is a proceeding in prohibition, a case of original jurisdiction.

It appears that upon the petition of Harold N. Baker, one of the respondents in this proceeding, Hon. L. L. Parks, as Judge of the Thirteenth Judicial Circuit, the other respondent herein, issued an alternative writ of mandamus against the State Board of Law Examiners, commanding said Board to forthwith receive the application of said Harold N. Baker and to permit him to take the examination of said Board and upon his being found to possess the required legal learning or attainment to grant him a license to practice law pursuant to Chapter 10175, Acts of 1925, or to show cause why said Board should not do so.

Prior to the return day of said alternative writ of mandamus, and upon the suggestion of Robert H. Anderson and others as the Members and Secretary of said Board, who are the relators in this proceeding, a rule *nisi* in prohibition was issued by this Court to Judge Parks and said Harold N. Baker, commanding them to show cause before this Court why they should not be restrained from further proceeding in the mandamus suit.

The matter now comes before us upon the demurrer and answer of the respondents to the rule *nisi.*

The grounds of demurrer are, in effect, that it does not appear by the suggestion that the relators herein have pleaded to the jurisdiction of the Circuit Court of the Thirteenth Circuit in the mandamus proceeding, or that such plea has been overruled. Respondents further contend that

the relators have a full, speedy and complete remedy in due course of law by way of writ of error by which the question of the jurisdiction of said Circuit Court in the mandamus proceeding, as well as any other judgment that may be rendered therein, could be tested.

While it is sometimes held in other states that a writ of prohibition will not issue unless the attention of the court whose proceedings it is sought to arrest has been called to the alleged lack or excess of jurisdiction and unless the exception so taken has been overruled, that requirement is not jurisdictional in the proceeding by prohibition, but is a rule of procedure only. In this State, however, the rule is settled that:

"Where the want or excess of jurisdiction relates to the subject matter and is apparent upon the face of the proceedings of an inferior court sought to be prohibited, and that court has made some order in the exercise of such unauthorized jurisdiction, prohibition will lie, even though no plea to the jurisdiction has been tendered to and ruled upon by the inferior court." State v. White, 40 Fla. 297, 24 South. Rep. 160. See also State v. Whitney, 66 Fla. 24, 63 South. Rep. 299.

One of the elements of the subject matter of the mandamus suit is the performance of an official public duty by the State Board of Law Examiners with respect to the application of Harold N. Baker to be examined for admission to the bar. The statute, Chapter 10175, Acts of 1925, not only authorizes the State Board of Law Examiners to perform certain official duties generally, one of which is the alleged duty sought by the petitioner in the mandamus suit, but the meeting place for the official meetings of said Board is also specifically prescribed by the statute. Its official acts of the character here in question are specifically required to be performed there and not elsewhere. The

duties of said Board therefore contemplate not only the performance of certain public and official acts, but the performance of those acts at a prescribed place. For this reason, amongst others, the place of the performance of that duty involves more than a matter of venue. It enters into and is an element of the duty itself, so that the subject matter of the mandamus suit is not merely the performance by said Board of a public duty generally, but the performance of that duty at a place designated by the statute. An action by mandamus against the Board to coerce the performance of those duties is therefore not transitory, as was the case in King v. Kentucky Board of Pharmacy, 162 S. W. 561, where no place was fixed by law for the meetings of that Board or for the performance of its official duties.

By Sections 6 and 7 of Chapter 10175, Acts of 1925, it is required that regular meetings of said State Board of Law Examiners shall be held at the Capitol in Tallahassee, and all applications for admission to practice shall "be considered and acted upon" by the Board at the next regular meeting. The material command of the writ of mandamus is for the Board to receive and act upon such an application. The place fixed by law for the performance of the acts sought by the writ of mandamus, and the only place where some if not all of those acts could be lawfully performed, is at Tallahassee, in Leon County, which is beyond the territorial jurisdiction of the Thirteenth Circuit. The situation here presented is analogous to a mandamus brought in the Thirteenth Circuit against the Board of State Canvassers of Elections, which is required by law to meet at the office of the Secretary of State in Tallahassee, to require said Board to canvass the returns of an election and declare the relator elected to a public office. It would scarcely be contended that the Circuit Court of the Thir-

teenth Circuit possesses jurisdiction of the subject matter of such a controversy, even though one of the members of said Canvassing Board maintained his personal residence in Hillsborough County and could be served with process there.

It is apparent from the face of the record in the mandamus proceedings that aside from the question of jurisdiction over the persons of the respondents therein, the Circuit Court for the Thirteenth Circuit is without jurisdiction of the subject matter of that proceeding since the relief sought therein is the performance of an official public duty, the place for the performance of which is expressly fixed by law at a point beyond the territorial jurisdiction of the Circuit Court for the Thirteenth Circuit, and which duty could not lawfully be performed within that jurisdiction. Under the circumstances of this case, a writ of error from the final judgment in the mandamus proceeding awarding a peremptory writ therein would not necessarily be a complete and adequate remedy. The writ of prohibition is therefore an appropriate remedy, and is available even though such lack of jurisdiction has not been specifically raised in the mandamus proceedings. Shields, Judge, v. State *ex rel.* Lacey, 86 Ala. 584, 6 South. Rep. 271; Mason v. Wilers, 7 Hun. (N. Y.) 23; People *ex rel.* Town of Brighton v. Williams, 129 N. Y. S. 457; People *ex rel.* Overton v. Whipple, 114 N. Y. S. 307, 38 C. J. 829. See also Woolman Construction Co. v. Sampson, 188 N. W. Rep. 420.

In this view of the matter it is unnecessary to consider the other questions presented.

It is therefore ordered that a writ of prohibition issue as prayed.

ELLIS, C. J., AND WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.