766 So.2d 1173 (2000)
Fulton T. PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3254.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
*1174 Fulton T. Perkins, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Fulton T. Perkins appeals the denial of his petition for habeas corpus.
Perkins was incarcerated at Lake Correctional Institution in Lake County, Florida when he filed a petition for writ of habeas corpus in Lake County circuit court (the Fifth Judicial Circuit). The petition was based on the following allegations. Perkins had been charged in Seminole County, Florida (the Eighteenth Judicial Circuit) with first-degree murder and had served approximately twenty years in prison for the offense before being released on parole on April 22, 1992. After his release, Perkins was charged in Orange County, Florida (the Ninth Judicial Circuit) with aggravated stalking and battery. He was convicted only of the lesser included offense of stalking, a first-degree misdemeanor, and was sentenced to 188 days in the county jail, to be served "consecutive to any other sentence," with a credit for 127 days served. After he was sentenced for the stalking offense, Perkins was brought before the parole revocation board, which on April 15, 1994, remanded him to the custody of the DOC for a parole violation and transferred him to Central Florida Reception Center. At the time of the transfer, Perkins had 53 days remaining to be served for the stalking offense. Perkins' presumptive release date for the first-degree murder is August 2, 2008.
Subsequent to his transfer, Perkins allegedly learned that a felony detainer had been filed against him with respect to the Orange County charges for "CR93-12160 for aggravated stalking and aggravated battery." Perkins appears to be complaining that the invalid detainer influenced the decision to revoke his probation, and resulted in a decision to delay review of his consideration for parole.
The court denied Perkins' petition because of his failure to exhaust his administrative remedies. Perkins filed a motion for rehearing and/or clarification in which he argued that the DOC was without jurisdiction or authority to alter or recall a detainer and therefore he was not required to request relief from the DOC regarding the detainer. In the motion, Perkins stated *1175 that he was not seeking to overturn his sentence for stalking via the proceedings before the court, although his sentence for the stalking offense may well have expired. He maintained that he was challenging only the detainer. The motion for rehearing was denied.
On appeal, Perkins contends that the trial court erred by denying his petition for writ of habeas corpus on the basis of his failure to exhaust his administrative remedies. The State of Florida (which has responded to the petition) concedes this issue, agreeing with Perkins that there is "no DOC remedy for an improper detainer."
However, the State maintains that it would be pointless to remand this case for a determination on the merits, since Perkins has been transferred to Avon Park Correctional Institution, which is in Polk County, in the Tenth Judicial Circuit. See Alday v. Singletary, 719 So.2d 1260 (Fla. 1st DCA 1998). It argues that Perkins' incarceration in Polk County deprives the Lake County circuit court of jurisdiction to consider the petition and that a remand would essentially be "moot."
The State's argument is technically incorrect. Although a petition for habeas corpus must be filed with the clerk of the court in the county where the defendant is detained, § 79.09, Fla. Stat. (1997), Raley v. State, 675 So.2d 170 (Fla. 5th DCA), cause dismissed, 678 So.2d 1287, and appeal dismissed, 683 So.2d 484 (Fla.1996), the requirement was met in this case. Perkins filed his petition in Lake County when he was incarcerated in Lake County. His subsequent transfer does not destroy Lake County's jurisdiction, since jurisdiction is determined as of the filing of the petition. See, e.g., Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Francis v. Rison, 894 F.2d 353, 354 (9th Cir.1990); Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir.1985); Ross v. Mebane, 536 F.2d 1199, 1201 (7th Cir.1976).
Nonetheless, Perkins appears to have sought the wrong remedy. Perkins is seeking the removal of a detainer, which is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Since Perkins has not alleged that he is entitled to immediate release, but only to removal of the detainer, his remedy, if any is proper, would appear to be mandamus, requiring whoever lodged the detainer (apparently the Sheriff of Orange County) to remove it. His petition for mandamus, however, would have to be filed in the circuit court having jurisdiction over the person who had lodged the detainer. See State v. Parks, 94 Fla. 91, 113 So. 702 (1927) (mandamus must be filed where official performs act complained of). In this case, this is Orange County. Accordingly, we reverse the appealed order with instructions to transfer the cause to Orange County.
REVERSED and REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.