PER CURIAM.
Appellant claims he pleaded guilty to a charge of child abuse in exchange for a 22 month sentence that was to run concurrently with three other pending criminal cases, including one case originating in Duval County for violation of probation. Appellant claims that his negotiated plea agreement was breached when a detainer on the Duval County charge was filed against him.
Appellant appeals the trial court’s summary denial of a motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The trial court correctly found the sentence was not illegal; however, we reverse and remand this case for further proceedings in the circuit court of Duval County.
Appellant seeks the wrong remedy in the wrong forum. Instead of seeking post-conviction relief under rule 3.850, Appellant seeks the removal of a detainer. The proper remedy, if any, would be to petition for mandamus, requesting an order requiring the person who lodged the detainer against him to remove it. Perkins v. State, 766 So.2d 1173, 1175 (Fla. 5th DCA 2000). The petition for mandamus would necessarily be filed in the circuit court having jurisdiction over the person who lodged the detainer, i.e., Duval County. Id. Therefore, we reverse the order denying post-conviction relief, with instructions to transfer the cause to Duval County for further proceedings. Id.; Fla.R.App.P. 9.040(b) and (c).
REVERSED and REMANDED.
BOOTH, MINER and KAHN, JJ., concur.