THE STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney-General, *Relator,* vs. W. B. CRAWFORD, as Mayor, et al., *Respondents,* vs. HARRY AUSTIN, *Petitioner.*

140 So. 333.

En Banc.

Opinion filed March 15, 1932.

Petition for rehearing denied April 23, 1932.

*E. J. L'Engle* and *J. W. Shands* and *Cary D. Landis,* Attorney General, for Relator;

*M. R. McDonald,* for Respondents;

*W. D. Bell,* as amicus curiae.

WHITFIELD, P.J.—A petition for a writ of certiorari presented by a resident of the State of Ohio, alleges that in 1931, he purchased for value and without notice of any defenses thereto, a thousand dollar bond of the City of Sebring, issued under Chapter 14,371, Laws of Florida, 1929, entitled:

"AN ACT to Constitute, Organize and Establish a Municipality to be Known and Designated as the "City of Sebring," in the County of Highlands and the State of Florida, and to Define its Territorial Boundaries and to Provide for its Jurisdiction, Powers, Privileges, and to Validate All Obligations, Contracts, Debts, Bonds, Ordinances, Assessments and Levies, and to Repeal Chapter 11158, Laws of Florida, Acts of 1925, and All Other Laws or Parts of Laws in Any Way in Conflict with This Act insofar as They Affect the Same but No Further."

Sections 1 and 92 of the Act provide:

"That the present Charter of the City of Sebring, in the County of Highlands and State of Florida, known and designated as Chapter 11158, Laws of Florida, Acts of 1925, is hereby amended so as to read as hereinafter set forth." Section 1, Chapter 14371, Acts of 1929.

"That all laws, or parts of laws, in conflict herewith are hereby repealed." Section 92, Chapter 14371, Acts 1929.

Section 93 of the act provides that "this Act shall take effect upon its ratification by a majority of the qualified electors of the City of Sebring, Florida, voting at an election to be held in said city * * on Tuesday, 11th day of June 1929," notice to be published in said city in one newspaper issue "prior to said election day", and that if the act shall be ratified by the affirmative votes of a majority of the qualified electors participating in the election, the result of the canvass of the vote should be recorded in the minute book of the city council and also shall be certified by the City Council to the Governor of the State of Florida, who shall issue and file in the office of the Secretary of State "a proclamation declaring that this act has been legally ratified and become a part of the laws of the State of Florida and from and after the date of said proclamation same shall be conclusive evidence of the fact that this law has been legally ratified and is in full force and effect."

It is alleged that at an election held pursuant to the act a majority of the qualified electors of the City of Sebring, Florida, voted in favor of ratifying Chapter 14,371,.

"and thereafter the result of said election was duly canvassed and forwarded to the Governor of the State of Florida, whereupon, on the 25th day of July, A. D. 1929, the Governor of the State of Florida duly proclaimed that said Chapter 14,371 had been duly ratified as required by said Act and filed said proclamation with the Secretary of State of the State of Florida."

that thereafter pursuant to the provisions of Chapter 14,371, the City of Sebring, Florida, made, executed, sold and delivered its negotiable bonds aggregating $121,000.00; that each bond recited as follows:

"This bond is one of a series issued by the City Council of said City pursuant to the provisions of Chapter 14371 of the Acts of the Legislature of

Florida, Regular Session 1929, and laws supplemental thereto, and in conformity with resolutions of said City Council duly passed and approved, for the purpose of refunding a like amount of the valid, legal and binding bonded debt of said City, for the payment of which the credit of said City has been pledged.

And it is hereby certified and recited that all acts, conditions and things required by the Constitution and laws of the State of Florida to be done precedent to and in the issuance of this bond, and precedent to and in the incurring of the indebtedness hereby refunded, were and have been properly had, done and performed in regular and due form and in time as required by law; that the indebtedness hereby refunded was a valid, subsisting and legal obligation of said City; that adequate provision has been made for the levy annually of a tax on all the taxable property in said City sufficient to pay the interest and a sinking fund to pay the principal of this bond and the series of which it is a part, as the same will respectively become due, and that the total indebtedness of said City, including this bond, does not now, and did not at the time of incurring the indebtedness hereby refunded, including said indebtedness, exceed any constitutional or statutory limitations.''

That said bonds were validated by the Circuit Court and a certificate to that effect was duly endorsed upon each of said bonds; that taxes were levied for the years 1929 and 1930 and appropriated to the payment of interest on said bonds; that interest coupons on said bonds are past due and unpaid; that in March 1931, an information in the nature of quo warranto was filed in the name of the State of Florida upon the relation of the Attorney-General of said State against the individuals who are the mayor and other officers of said City of Sebring ''in the aggregate acting as the corporate authorities of the City of Sebring,'' charging that said persons since January 1930, ''had used and still use without grant or charter the rights, privileges and franchises of a muni-

cipal corporation of the State of Florida." It appears that in such quo warranto proceedings the following final judgment was rendered:

"This cause came on to be heard upon demurrer to the motion to strike the information, and the same were argued to the Court, whereupon it is considered and ordered that said demurrer and motion to strike be and the same are hereby overruled.

And the pleas of respondents being found in the record, the relator thereupon moved for a judgment of ouster notwithstanding said pleas; which motion was argued to the Court, whereupon it is considered and ordered that said motion be and the same is hereby sustained.

The Court finds that Chapter 14371, Special Acts of the Florida Legislature, A. D. 1929, is null and void, by reason of being in conflict with Section 16, Article 3, of the Constitution of Florida, as alleged in said information; and that the respondents should be ousted of all rights, privileges and franchises claimed by reason of said Chapter.

It is now the judgment of the Court that the respondents have usurped all the authority of a municipal corporation which they claim under and by reason of Chapter 14,371, Special Acts of the Florida Legislature, 1929; but this judgment does not apply to prior Acts of the Florida Legislature under which the respondents may claim to act as de facto officers or otherwise; and it is the further judgment of the Court that they, the said W. B. Crawford, as Mayor, P. A. Naylor, O. D. Garrett, A. F. Spooner, H. K. Brown, E. L. Greene, as City Council, A. M. Wolfe, as City Clerk and Treasurer, Ruth Wolfe, as City Tax Collector, Joseph *Rawstorn*, James Geary, A. L. Marchand, as City Tax Assessors, R. C. Stivender, as Chief of Police, and in the aggregate acting as the corporate authorities of the City of Sebring, Highlands County, Florida, each be and they are hereby excluded and ousted from holding or exercising the said offices or either of them under Chapter 14371, Special Acts of the Florida Legislature, 1929, but not from holding

any office under any prior Charter of the City of Sebring or any previous Act of the Legislature now in force.''

No writ of error was taken to the judgment in quo warranto and the petition for certiorari alleges that:

''Said judgment, if not vacated or reversed, will conclude not only the rights of the parties to said cause, but all other persons and corporations, from asserting that Chapter 14,371, Laws of Florida, 1929, is a valid law, and hence the validity and negotiability of said bonds heretofore issued by said city and now owned by the petitioner is directly and peculiarly affected by said judgment and the petitioner would benefit by a reversal of said judgment;''

that Chapter 14,371 does not violate Section 16, Article III, Constitution.

A writ of certiorari as prayed for was issued by this Court upon the principle of law that as the relator was not a party in the quo warranto proceedings he could not take writ of error, but as his rights as a bond holder of the municipality under Chapter 14,371, are fatally affected by the judgment in the quo warranto proceedings if it stands, such relator has a right to have the judgment reviewed on certiorari, by analogy to the holding in Deans v. Wilcoxon, 18 Fla. 531.

If the quo warranto judgment adjudicating Chapter 14371, Acts of 1929, to be invalid, is essentially erroneous, and no party to the judgment takes writ of error, a party whose substantial property rights are vitally affected by the judgment, may apply for, and this Court in the exercise of a sound judicial discretion, upon proper showing of essential error in the judgment and of material injury, may award a writ of certiorari to review the alleged illegal or improper judgment. This accords with Section 4 of the Declaration of Rights of the Constitution.

While the municipality does not invoke certiorari, that does not affect the rights, whatever they may be, of a bond holder under the amended city charter to a permis-

sible judicial review of the judgment in quo warranto holding that such amended charter was inoperative to confer authority upon those claiming to act as city officials who issued the bond held by the relator.

The title to Chapter 14371 is not misleading or insufficient, as to provisions contained in the act; and Section 16 of Article III of the Constitution is not violated since the title briefly expresses the subject of the act. Matters properly connected with such subject may be included in the act without being expressed or stated in the title. The statute makes the proclamation of the Governor conclusive evidence that the act has been legally ratified.

The judgment of the Circuit Court is quashed.

BUFORD, C.J., AND ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.