UNITED MUTUAL LIFE INSURANCE COMPANY, a Corporation organized under the laws of Indiana, v. DAVID SHOLTZ, J. M. LEE *and* W. V. KNOTT, as and constituting the Board of Administration of the State of Florida, *et al.*

163 So. 690.
En Banc.
Opinion Filed October 17, 1935.

*Giles J. Patterson,* for Petitioner;

*Cary D. Landis,* Attorney General, *Robert J. Pleus,* Assistant, and *J. T. McCollum,* for Respondents;

*Hull, Landis & Whitehair,* for Relators in mandamus suit.

DAVIS, J.—In this case the proposition to be decided is whether or not the petitioner herein should be awarded the writ of certiorari to have brought up and quashed a consent judgment entered by the Circuit Court of Leon County in a mandamus case to which relator was not a party. The certiorari is applied for here on the basis of the allowance of such writs heretofore countenanced in the cases of State,

*ex rel.* Landis, v. Crawford, 104 Fla. 440, 140 Sou. Rep. 333; Deans v. Wilcoxson, 18 Fla. 531.

The petition praying for the writ of certiorari in this case shows that in issuing the peremptory writ sought to be attacked in this Court on certiorari, that the Circuit Court did not pass upon the sufficiency of the alternative writ of mandamus, but that the peremptory writ of mandamus consequent thereon was issued because of a special stipulation to that effect which had been entered into between relators in the mandamus case and the respondent Board of Administration therein represented by the Attorney General. The stipulation itself prescribed the entire form of the peremptory writ so that such writ is in contemplation of law a judgment entered against respondents by confession. It is asserted in this case that although the court had jurisdiction of the parties and of the subject matter, that this did not give the court the power to enter a judgment which was erroneous where such judgment would necessarily affect the rights of third parties without the decree of judgment being subject to review by an appellate court by parties who are vitally affected thereby.

Our conclusion is that whatever ground for redress the petitioner has in the premises complained of should be asserted in a court of equity in a suit wherein both relators and respondents in the mandamus case are appropriately impleaded, because the real controversy between the contending litigants here is whether or not the consent judgment entered in the mandamus case referred to, amounts in substance to the legal sanction of such a breach of the statutory trust imposed on the State Board of Administration by Chapter 14486, Acts of 1929, as to require the parties to that consent judgment, both relator and respondents, to rescind their agreed judgment and remit the parties

to their former status in order that the alleged illegal stipulation or agreed settlement may be purged of its illegal features.

Equity has general jurisdiction over trusts, statutory and otherwise, and if it be true that a statutory trustee has breached his duties as trustee by undertaking to consent to the entry of a legal judgment against him that is unlawfully prejudicial to other *cestui que* trustents, a court of equity may take jurisdiction for the purpose of specifically compelling both the trustee and those who have benefited by the trustee's breach of trust to restore the *status quo* and thereby undo the wrong comprehended in the result of the legal proceeding complained of. 26 R. C. L., par. 225, page 1362; 10 R. C. L., par 99, page 349; Note 30 L. R. A. 240; 15 R. C. L., par. 179, *et seq.,* 725.

The office of a writ of certiorari is to review questions of law only and cannot be employed to undo judgments which are not, on the face of the record sought to be reached, invalid or in violation of the essential requirements of the law.

Writ of certiorari denied and motion to dissolve constitutional writ granted, but without prejudice to pending equity case referred to in the record of this case.

TERRELL, BROWN and BUFORD, J. J., concur.