STATE, *ex rel.* GEORGE PALMER GARRETT, as Administrator *cum testamento de bonis non* of the Estate of P. A. Vans Agnew, Sr., Deceased, v. GEORGE W. WHITEHURST, Judge Circuit Court, Twelfth Judicial Circuit.

165 So. 691.
Opinion Filed February 6, 1936.

*George Palmer Garrett,* for Relator.

*Henderson & Franklin,* for Respondent.

DAVIS, J.—In the pleadings before us in an original proceeding in prohibition directed to the Honorable George W. Whitehurst, as Judge of the Circuit Court of Lee County, Florida, the following salient facts have been made to appear:

Chapter 16031, Acts of 1931, Laws of Florida, which took effect August 1, 1933, provides for the abolishment of the Fort Myers Drainage District and provides that all persons firms and corporations having claims or demands against the abolished district shall be required to present them to the Circuit Court for Lee County on or before December 1, 1933, and that said court shall hear and determine same as may be according to law. ·Under the statute, claims allowed become a judgment against the district. All claims not timely presented or which shall be disallowed become forever barred.

Relator in this case is a creditor of the abolished district and in that capacity seeks to prohibit the respondent Circuit Judge from entering any judicial orders, or purporting to enter any judicial orders pursuant to the terms of

said Chapter 16031, Acts 1933, *supra,* releasing any of the taxpayers in said abolished district, as provided for in Section 4 of the said Act, from their constitutional obligation to make good to the creditors of the said abolished district, by taxation, as provided for by the law under which its debts were created, the valid obligations of the district owing to its creditors, of whom relator is shown to be one and therefore entitled to maintain an objection against the judicial effectuation of the plan of the statute.

The particular facts as they pertain to the status of the relator are as follows:

On the 6th day of September, 1929, one P. A. Vans Agnew, Sr., died testate while a creditor of the Fort Myers Drainage District. The last will and testament of the P. A. Van Agnew, Sr., deceased, was probated in the County Judge's Court in and for Orange County, Florida; Marian Fell Vans Agnew was appointed by said Court as executrix of said last will and testament. On the 11th of October, 1929, letters testamentary issued out of said court to her, which remained in full force and effect until the death of Marian Fell Vans Agnew on the 14th of January, 1935.

On the 28th day of July, 1931, Marian Fell Vans Agnew, as such executrix, brought a common law suit against the Fort Myers Drainage District, in the United States District Court for the Southern District of Florida. Said suit was brought to recover the value of certain services rendered by P. A. Vans Agnew, Sr., deceased, in his lifetime, as attorney for said District. On the 14th of July, 1933, a final judgment in said cause was entered in favor of Marian Fell Vans Agnew as executrix as aforesaid, in the amount of $500.00 plus costs of court. Said final judgment is now wholly unpaid; outstanding, valid and unreversed.

On the 13th of October, 1933, there was instituted in the

Circuit Court of the Twelfth Judicial Circuit of Florida in and for Lee County, a certain liquidation proceeding entitled, "In re: Fort Myers Drainage District, Case No. 5470," for the purpose of liquidating the said Fort Myers Drainage District pursuant to the terms of the above cited act. Marian Fell Vans Agnew, as such executrix aforesaid, as a creditor of said District and as such entitled to defend said proceeding, filed a motion to dismiss said proceeding on the ground that said statute was unconstitutional.

Thereafter, on the 30th of November, 1933, the said Marian Fell Vans Agnew, as executrix, filed under protest, in said liquidation proceedings her claim, as executrix, for and on behalf of the estate of P. A. Vans Agnew, Sr., deceased, claiming on behalf of the said P. A. Vans Agnew, Sr., deceased, the amount fixed by said final judgment, namely, $500.00, plus costs of court, and also claiming certain additional sums evidenced by certain additional warrants issued to said deceased for costs advanced by him for said District, namely, Warrant No. 609, dated October 1, 1927, for $425.60, and Warrant No. 635, dated January 30, 1928, for $145.37. Said additional warrants aggregated the sum of $570.97 and were in addition to retainer fee Warrant No. 514 dated July 8, 1926, embraced in said final judgment for $500.00. The above claim filed by said executrix in said liquidation proceedings, amounted, including principal and interest, to $1,522.06.

On the 14th of January, 1935, Marian Fell Vans Agnew died while executrix as aforesaid. On the 15th of April, 1935, George Palmer Garrett was appointed by the County Judge's Court in and for Orange County, Florida, as administrator *cum testamento annexo, de bonis non,* of the estate of P. A. Vans Agnew, Sr., deceased, and is now duly qualified and acting as such.

From the aforesaid date of filing said claims to this date, no sums have been paid on account of said claims filed by said estate of P. A. Vans Agnew, Sr., deceased.

Not one of the warrants in question is outlawed, so it is alleged, for the reason that said warrants were payable out of certain funds of the District and there has never been sufficient money in said funds to pay said warrants; that said retainer fee warrant is now merged in the judgment aforesaid and manifestly is not now outlawed; that the warrants for $425.60 and $145.37 are now payable on November 30, 1933, for the reason that a reasonable time has elapsed since the date thereof; that no funds have been procured by said District to pay said warrants, and, after the lapse of such reasonable time, Marian Fell Vans Agnew, as executrix, made demand upon the District for the payment of said warrants, with which demand the said District failed to comply.

The defendant Judge on the 26th day of October, 1934, by order filed the 27th day of October, 1934, in said liquidation proceedings No. 5470, allowed the claim of Marian Fell Vans Agnew, as executrix, for the sum of $762.03.

Thereafter, purporting to act pursuant to the terms of said Chapter 16031, the said defendant Judge, pursuant to petitions filed by several claimants against said District in said liquidation proceedings instituted pursuant to said act, has purported to allow such claimants, who are taxpayers, credit on the amount of taxes which may be assessed against them by said District, in order to pay the allowed claims of said District under said Chapter. This has been done either where the taxpayers in question were original creditors of the district, or were the assignees of allowed creditors. The petitioners are enumerated in the rule, there having been fourteen of such petitions filed in

the period from March 30, 1935, through April 22, 1935. The total number of acres of the said District released pursuant to the orders issued by said defendant as aforesaid, ·is 9,770.67 acres.

The acreage of land embraced in said District is approximately 30,500 acres. The claims against the District at the time said Act went into effect greatly exceeded $30,500.00. The amount of acreage so far reelased from ·all further tax liability aggregates 9,770.67 acres. The claims remaining against said District greatly exceed $30,500.00. The defendant Circuit Judge has entered all of said orders.

The basis for relator's prayer for a writ of prohibition is the alleged unconstitutionality of Chapter 16031, Acts of 1933, *supra,* which purports to create a special jurisdiction* in the Judge of the Circuit Court of Lee County to entertain and wind up the affairs of the abolished Fort Myers ·Drainage District by requiring that all claims against it ·must be filed on or before the first day of ·December, 1933, to be discharged only in the particular way and to the extent of the means provided in the liquidating statute, if and when a duly prescribed judgment is entered against the District. The constitutional provisions claimed to have been violated, at least as against one in the status of re- .lator, are Section 1 of Article X of the Constitution of the United States prohibiting the impairment of the obligation of contracts by subsequently enacted state legislation and Sections 1, 4, 12 and 17 of the Declaration of Rights of the Florida Constitution which provide for due process

---

.*Presumably under Section 11 of Article V of the State Constitution which expressly provides: "The Circuit Courts shall have exclusive original jurisdiction in all cases, etc. * * * and of such other *matters* as the Legislature may provide."

of law and equal protection of the law in the conservation and judicial enforcement of vested legel causes of action arising out of contracts and pre-existing interests in property, as against the effect of a subsequently enacted legislative Act passed in an attempt to destroy or impair the same.

The object of the writ of prohibition here sought is to prohibit the Circuit Court of Lee County from *further* recognizing Chapter 16031, *supra,* as a valid Act of the Legislature insofar as it purports to authorize the Circuit Court to enter orders pursuant to the terms of Section 4 of the Act releasing tax subject lands in the abolished district from their constitutional obligation to bear their just proportion of the burden of paying relator's claim of indebtedness on the part of the district.

It is predicated upon the rule of law often approved by this Court to the effect that prohibition will lie where the want or excess of jurisdiction relates to the subject matter (in this case the right of the Court to make *further* orders in the premises) and is apparent upon the face of the proceedings of the affected Court sought to be prohibited, even though no plea to the jurisdiction of the Court to proceed has been tendered to or ruled upon by the inferior court. State, *ex rel.* Anderson, v. Parks, 94 Fla. 91, 113 Sou. Rep. 702; State v. White, 40 Fla. 297, 24 Sou. Rep. 160. Compare: State, *ex rel.* Sanford Herald, v. Wright, 98 Fla. 461, 124 Sou. Rep. 18, and State, *ex rel.* Landis, v. Atkinson, 102 Fla. 1092, 136 Sou. Rep. 723. It is likewise subject to the rule that prevails in prohibition cases that if an application for prohibition be too broad, the Court will not for that reason alone refuse the writ (as in mandamus cases) but will hold and limit it to so much as is proper to be granted on the showing made. State v.

Whitney, 66 Fla. 24, 63 Sou. Rep. 299; State v. White, 40 Fla. 297, 24 Sou. Rep. 160.

The contention made in support of the allowance of relief of the character herein sought is that at the time the vested legal rights of P. A. Vans Agnew, as a creditor of the Fort Myers Drainage District accrued, and the District's indebtedness was incurred to him, that he had a legal right to sue for, and to recover from the district, payment in cash to the full amount of his claims, plus accrued interest and costs; that to accomplish this he had the irrepealable right to resort to any legal or equitable remedies at that time provided by law as a means of realizing upon his recovery; that the new remedy provided for by Chapter 16031, Acts of 1933, *supra,* is not an adequate substitute for the remedy theretofore secured by law at the time relator's testate became a creditor of the abolished district, especially in view of the fact that relator's claims are still unpaid and he is about to be prejudiced in his rights to ever collect them, because of the respondent's threatened making and entry of further purported judicial orders under said Chapter 16031, *supra,* which when entered, will have the judicial force and effect, so long as they stand unreversed and unvacated,* of discharging from all liability for relator's obligations, such valuable portions of the taxable lands that were in the district at the time relator's debt was incurred, as to thereby make it uncertain whether relator will ever collect his claims in full with the same facility and celerity that he could have enforced same by other available legal means had Chapter 16031, *supra,* never been enacted. The conclusion therefore is that insofar as the respondent judge is making such "release" orders from all liability to pay relator's claims against the district, that he is usurp-

---

*See: *In Re:* Newkirk, 114 Fla. 552, 154 Sou. Rep. 323.

ing a jurisdiction the Legislature had no constitutional power to confer on him, inasmuch as such jurisdiction, when exercised, will unconstitutionally impair relator's vested legal rights in violation of both state and Federal constitutional provisions on the subject.

The abolished Fort Myers Drainage District was originally a body corporate created and functioning under the general drainage laws of Florida. Sections 1451, C. G. L., 1098 R. G. S., *et seq.* The rights and remedies of relator's testate as a pre-existing creditor of that district are still such as were heretofore enforceable in his behalf under the general laws of Florida pertaining to statutory drainage districts, notwithstanding the subsequent passage of Chapter 16031, Acts of 1933, as a summary authority for judicially winding up and liquidating the affairs of the district.

And such latter Act, if now construed by us as having any effect whatsoever to fundamentally impair the fixed and pre-existing legal rights of relator, as a creditor of the district abolished, would be, as against relator, plainly rendered unconstitutional on account of such construction, in view of the prohibitions contained in Section 1 of Article 10 of the Federal Constitution against the passage of state legislation impairing the obligation of contracts theretofore created. We must therefore hold that no such construction can be indulged in by the court as against the vested rights relied on by the petitioner here in behalf of the estate he represents. Worthen Co. v. Kavanaugh, 295 U. S. 56, 55 Sup. Ct. Rep. 555, 79 L. Ed. 1298, 97 A. L. R. 905, reversing Worthen Co. v. Delinquent Lands, 189 Ark 723, 75 S. W. (2nd) 62. Compare: Continental Illinois Nat. Bank & Trust Co. v. Chicago R. I. & P. R. Co., 294, U. S. 648, 55 Sup. Ct. Rep. 595, 79 L. Ed. 1110, affirming 72 Fed (2nd) 443, and Doty v. Love, 295 U. S. 64, 55 Sup.

Ct. Rep. 558, 79 L. Ed. 1303, affirming Dunn v. Love, 172 Miss. 342, 155 Sou. Rep. 331, 92 A. L. R., 1923.

It follows that the showing of the petition and rule for the writ of prohibition absolute is, on its face, sufficient to warrant the issuance of a modified writ of prohibition absolute so molded as to prohibit the respondent Circuit Judge from all further exercise of jurisdiction to consider or make any further judicial orders, as authorized by Chapter 16031, Acts 1933, insofar as same may purport to discharge taxable lands in the abolished Fort Myers Drainage District from further liability to taxation for the debts of the district in which the plaintiff in this proceeding has set up an interest conflicting with the terms and conditions of said subsequently passed statute—Chapter 16031, Acts 1933, *supra,* which Act, it appears, petitioner herein has refused to accept as a substitute for the remedies at law or in equity heretofore available to him with respect to the enforcement of the obligations due by the abolished district to the estate he represents.

No appellate proceeding has been pointed out which is adequate to give the petitioner here the particular relief he seeks against the entry of further "release" orders purporting to be made under authority of Chapter 16031, *supra,* as against petitioner's asserted vested constitutional rights. Nor is the remedy of certiorari to quash orders that may have been invalidly made, though perhaps available for that purpose (State, *ex rel.* Landis, v. Crawford, 104 Fla. 440, 140 Sou. Rep. 333) an adequate available remedy equivalent to the remedy of prohibition which will avoid in advance the threatened commission of the alleged illegal exercise of judicial power.

The demurrer of respondent to the rule *nisi* is overruled

and the motion for compulsory amendment addressed to the petition for the rule *nisi* is denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.