CITY OF FORT LAUDERDALE, et al., v. STATE, ex rel. ELSTON BANK AND TRUST COMPANY.

169 So. 584.
Opinion Filed July 29, 1936.

*George W. English, Jr.*, for Plaintiffs in Error;

*Casey & Walton* and *William K. Whitfield* (of Tallahassee), for Defendant in Error.

Davis, J.—In 1926 the City of Fort Lauderdale issued negotiable bonds with negotiable interest coupons annexed. The bonds recited that the full faith and credit of the city was thereby irrevocably pledged for the punctual payment of principal and interest, and that provision had been made for the levy and collection of a tax sufficient to pay the principal and interest when due. The bonds were validated by court decree of the Circuit Court, from which no appeal was taken. Elston Bank and Trust Company acquired certain of the bonds and interest coupons, for a valuable consideration, before maturity, without notice of any defects or infirmities therein, or defenses thereto, if any such defects, infirmities or defenses then existed.

The bonds of Fort Lauderdale were floated as an incident to the accomplishment of a public works project by

which the cities of Fort Lauderdale and Hollywood each issued bonds in the sum of $2,000,000.00 for the construction of a harbor now called Port Everglades. The harbor was later taken over by a legislatively created taxing district embracing the territory of the two cities and other large areas. The purpose of the statute was to relieve the cities involved of the payment of their bonds and to assume on the part of the taxing district the primary obligation of their payment. There has been considerable litigation in this Court relative to the bonds issued by the two cities and so assumed by the Broward County Port Authority. The bonds involved in this case are a part of the bonds above referred to. For the judicial history of such litigation and the statutory references incident to its determination see the following decisions and statutes: Martha Bright Farms, Inc., v. Broward County Port Authority, 117 Fla. 361, 158 Sou. Rep. 70; State, *ex rel.* Davis, v. Hyan, 103 Fla. 1136, 151 Sou. Rep. 416; State, *ex rel.* Ake, v. Broward County Port Authority, 107 Fla. 303, 151 Sou. Rep. 718, Chapter 12552, Special Acts of 1927; Chapters 13940 and 13941, Special Acts of 1929; Chapter 15107, Special Acts of 1931; Chapters 17506 and 17507, Special Acts of 1935.

The present controversy originated as a proceeding in mandamus in the court below. In that court the relator, defendant in error here, alleging itself to be the holder of seven bonds aggregating $7,000.00, together with interest coupons thereon long over due, procured an alternative writ of mandamus setting up that by reason of the issuance, sale and delivery of the bonds it became and was the duty of the city to pay relator's past due bonds and interest coupons at maturity, and to levy and collect in each of its fiscal years 1930-1931 to 1934-1935, both inclusive, on all

real and personal taxable property wtihin the limits of the respondent City of Fort Lauderdale a tax sufficient to pay relator's said bonds due and to become due during the fiscal years aforesaid. But notwithstanding its duties aforesaid, ·so it was alleged the respondent city had not paid, and would not pay, any or either of relator's said coupons or bonds, nor would it levy or collect any tax for either of ' the fiscal years mentioned, nor did it pretend to have on hand sufficient applicable funds with which to make payment. Upon the foregoing basis the levy and collection of a special tax for payment of the obligations so held by relator was commanded by the alternative writ.

A motion to quash the alternative writ of mandamus was denied. Respondent thereupon interposed a return, against which relator moved for a peremptory writ, the return notwithstanding. The motion for peremptory writ was granted and judgment thereupon rendered directing the issuance of the peremptory writ sought. That judgment is now before the court on writ of error, whereon it is contended by the unsuccessful respondent in the court below that the return should have been sustained as' sufficient and judgment entered thereon in favor of the respondent, City .of Fort Lauderdale.

When the bonds sued on were issued there is no controverting the fact that the City of Fort Lauderdale thereby became and was the sole obligor thereon under a contractual obligation that in terms pledged the full faith and credit, and the inexhaustible taxing power of the City of Fort Lauderdale, to provide for their payment. Subsequent Acts of the Legislature passed in 1927, 1929, and 1931 have undertaken to release the City of Fort Lauderdale from its primary obligation as obligor by making the Port Authority the sole obligor insofar as providing *payment* on the city's

behalf as to said bonds is concerned. But the bonds themselves are now admittedly in default. So relator, looking to and relying upon the statutes under which the same were issued and sold, and the terms of the contract comprehended in the bonds themselves, has resorted to legal proceedings by which it seeks to enforce the obligation of its contract as originally made by the obligor therein named.

So the controlling proposition required to be decided on this writ of error may be stated as follows: "Was it within the power of the Legislature to constitutionally release the City of Fort Lauderdale from any and all liability upon its validly issued bonds for the payment of which it had lawfully pledged unlimited ad valorem tax levies, where the proceeds of the bonds were used to defray a part of the construction cost of the deep water port now situate in a special port district embracing the Cities of Fort Lauderdale and Hollywood and other territory, it appearing that the Legislature has created by statute enacted subsequent to the issuance of the municipal bonds a special taxing district which is now required to assume payment of such bonds, but the only tax which the district is authorized to levy for that purpose is a special assessment limited to actual benefits accruing for construction and operation of the port, the proceeds of which tax are limited in their application to an equitable distribution among the bondholders of the City of Fort Lauderdale?"

The court below answered the foregoing question in the negative and such must be our answer here.

When municipal bonds of a class known as general obligations payable from an inexhaustible taxing power have been issued, the holder of such bonds becomes entitled to have the pledged taxes levied whenever and as often and for so long a period of time as may be necessary to pay such

bonds in full, and such is the promise embraced in the bond contract.

The Legislature cannot constitutionally release an existing municipality from all liability for payment of its validly incurred debts, even though it imposes liability therefor upon another public entity, unless the creditor accepts the new arrangement as a novation amounting to an extinguishment of the pre-existing promise, although so long as payment of the debts in question is not allowed to go into default, the action of the Legislature in undertaking to make such a release is immaterial and cannot be complained of absent a showing of injury to an affected creditor. Therefore, the 1927, 1929 and 1931 Special Acts relating to the Broward County Port Authority cannot be construed as having released the City of Fort Lauderdale from its initial liability on its assumed bonds insofar as the enforcement of said bonds against the original obligor, City of Fort Lauderdale, in case of default in their payment is concerned. Folks v. Marion County, 121 Fla. 17, 163 Sou. Rep. 98; City of Kissimmee v. State, *ex rel.* Ben Hur Life Assn., 121 Fla. 151, 163 Sou. Rep. 473; State, *ex rel.* Mittendorf, v. Hoy, 112 Fla. 526, 151 Sou. Rep. 1; Boatright v. City of Jacksonville, 117 Fla. 477, 158 Sou. Rep. 42; State, *ex rel.* Buckwalter v. City of Lakeland, 112 Fla. 200, 150 Sou. Rep. 508, 90 A. L. R. 704; State, *ex rel.* Sherrill, v. Milam, 113 Fla. 491, 153 Sou. Rep. 100, 125, 136; Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

The provisions of Sections 3 and 4 of Chapter 17507, Laws of Florida, Special Acts of 1935, providing that the City of Hollywood and the City of Fort Lauderdale be and they are hereby forever absolved, released, exonerated and discharged from any cause of action now pending or

hereafter brought, either at law or in equity of whatever form, whether upon an express or implied contract or upon any of the common counts arising from the issuance and sale of the bonds and coupons of the said Cities of Hollywood and Fort Lauderdale, the liability of which was assumed by the Broward County Port Authority under the 1927, 1929 and 1931 Acts hereinbefore cited pertaining to said Port Authority and providing that the said Broward County Port Authority shall be and is hereby designated as the sole obligor on said municipal bonds and interest coupons are, as against the proceedings of relator in the court below, void and ineffective as violative of Section 17 of the Declaration of Rights of the Florida Constitution, as well as violative of Section 10 of Article I of the Constitution of the United States as impairing the obligation of the bonds of relator that have been sued on in this litigation.

Neither is Chapter 15838, Laws of Florida, General Acts of 1935, providing that taxes levied for operating expenses and debt service may be paid separately, applicable to the relief sought by relator's proceedings in mandamus, which are predicated upon municipal bonds of the City of Fort Lauderdale, lawfully issued and validated prior to the enactment of said last cited statute.

It is well settled that law affecting the enforcement, as the authority and ability to provide payment for municipal bonds in accordance with the terms of the contract under which such bonds were issued, becomes a vital part of the bond contract so that neither the authority nor the ability to perform the contract undertaken when the bonds were issued may be impaired during the continuance of the contract by legislation subsequently passed tending to that end, whether so designed to operate or not. The degree of impairment is not material. State, *ex rel.* Mittendorf, v.

Hoy, 112 Fla. 526, 151 Sou. Rep. 1; United States v. Quincy, 4 Wall (U. S.) 535, 18 L. Ed. 403; State, *ex rel.* Garrett, v. Whitehurst, 122 Fla. 484, 165 Sou. Rep. 691; Rorick v. Board of Com'rs of Everglades Drainage Dist., 57 Fed. (2nd) 1048; Sturges v. Crowinshield, 4 Wheat. 122, 4 L. Ed. 529; Green v. Biddle, 8 Wheat, 1, 5 L. Ed. 547; Duval County v. Jennings, 121 Fla. 584, 164 Sou. Rep. 356; Murray v. Charleston, 96 U. S. 432, 24 L. Ed. 760.

Where a subsequently passed statute materially alters the remedies originally afforded municipal bondholders for the enforcement of their bonds, such legislation is deemed to impair the obligation of the bondholder's contract, when pleaded in bar of proceedings by the bondholders to enforce their bonds according to the remedies available at the time the bonds were issued, and it therefore will be disregarded under Section 10 of Article I of the Constitution of the United States and Section 17 of the Declaration of Rights of the Constitution of Florida as a law undertaking to unconstitutionally impair the obligation of contracts in the particular case.

A bare inspection of Chapters 17506 and 17507, Acts of 1935, as well as Chapter 16838, Laws of Florida, General Acts of 1935, demonstrates that said legislation is, as respects the obligation of relator's bonds that were sued on in the court below in this proceeding, ineffective and void for the purpose of defeating the issuance of a peremptory writ of mandamus in the particulars prayed for, that therefore the judgment of the Circuit Court so holding was correct and should be affirmed.

Nor does the fact that bondholders of the City of Fort Lauderdale bonds issued for the purpose of constructing the harbor hereinbefore mentioned have accepted interest payments on their bonds from their assumor, Broward

County Port District, or Broward County Port Authority, present any ground for avoidance of the relief sought, now that the bonds and interest coupons annexed thereto have gone into default. Prior to the time it was necessary to resort to a judicial proceeding for relief in the premises it was the duty of the bondholders to accept payment of their interest from whatever source tendered, as it is utterly immaterial to a public creditor how he gets his money to discharge his indebtedness so long as he is being paid from some source sufficient to discharge what is his due and no default by way of a violation of other specific undertakings incident to the indebtedness is being threatened. Hence the acceptance of interest payments by the bondholders of the City of Fort Lauderdale for moneys raised by the Broward County Port Authority, was not essentially inconsistent with an intention on the part of the acceptor to look to the original obligor of the bonds should they be allowed to go into default, and thereupon to seek judicial relief for their enforcement.

This is not to say, however, that because Chapters 17506 and 17507, Special Acts of 1935, *supra,* are ineffective to defeat an action brought by the bondholder against the City of Fort Lauderdale that such Chapters are entirely void for other purposes. On the contrary, it is clear that by virtue of said Special Acts of 1935 the *responsibility* for paying the bonds sued on in this case has been definitely placed upon the Broward County Port Authority, with the obligation to use its taxing power for the purpose of carrying out the terms of said Acts and thereby indemnifying and saving harmless the Cities of Fort Lauderdale and Hollywood from actions such as this brought by bondholders directly against the original obligors because of the failure or neglect of the Broward County Port Authority

to fulfill the responsibility placed upon it to provide payment of the principal and interest of the aforementioned municipal bonds and interest coupons in the place and stead of the City of Fort Lauderdale and the City of Hollywood, respectively.

Judgment affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, P. J., not participating.