**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and E. V. PORTER, et al., v. HONORABLE L. L. PARKS, Judge of the Circuit Court of the Thirteenth Judicial Circuit.**

9 So. (2nd) 378          En Banc
August 4, 1942

Raymond Sheldon and Joseph A. Padway (Washington, D. C.) for petitioners.

J. Tom Watson, Attorney General, Lawrence A. Truett and Fred Burns, Assistant Attorneys General, for respondent.

PER CURIAM:

On consideration of petition for rule nisi in prohibition, the majority of the Court are of the opinion that prohibition is not applicable under the showing made and, therefore, the petition is denied.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL and THOMAS, JJ., concur.

BUFORD, CHAPMAN and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

By the petition for writ of prohibition it is made to appear that the Circuit Court in and For Hillsborough County has assumed jurisdiction to hear the parties and determine, in quo warranto proceedings instituted by the Attorney General against Tampa Shipbuilding Company, a Florida corporation, the validity of the provisions of that part of a labor contract made and entered into between the respondent therein named and certain trades unions exercising the rights of collective bargaining wherein it was agreed between the parties as follows:

"Section 1. When new employees are required, the Business Agent of the Craft concerned will be required to send qualified persons to the plant.

"Section 2. If the Union's Business Representatives are unable to furnish persons required for employment within a twenty-four (24) hour period, the Management may employ such workers as may be available, with the understanding that such workers shall be required to file application for membership in their respective Union within a period of fifteen (15) days, if retained by the Company and the membership is acceptable to the Union operating under the terms of this agreement.

"Section 3. The Company agrees to retain in their employ only members of the Union which are or may become parties to this agreement except as otherwise provided herein."

The record shows that neither the trades unions who are parties to the contract, nor the person who executed the contract for and on behalf of the trades unions, are made parties to the quo warranto proceedings and, therefore, it appears that the circuit court

has assumed jurisdiction to consider the question of the validity of a contract without having acquired jurisdiction of all the parties to the contract. The contract, if valid, constitutes a valuable property right in all parties thereto.

The trades unions cannot lawfully be divested of their property rights in the contract without being brought into the jurisdiction of the Court assuming to adjudicate the same. See State ex rel. Roque v. Criminal Court of Record of Hillsborough County, 7 Sou. (2nd) 131; Speight v. Horne, 101 Fla. 101, 133 Sou. 574; State ex rel. v. Whitehurst, 122 Fla. 484, 165 Sou. 691; State ex rel. Anderson v. Parks, 94 Fla. 91, 113 Sou. 702.

If the circuit court is without jurisdiction to adjudicate the contract invalid, then it is without jurisdiction to enter upon any consideration of the question of validity of the contract.

The quo warranto proceeding is not within the authorization of Chapter 540, Florida Statutes, 1941, which authorizes such proceedings to effectuate the forfeiture of corporate franchise and dissolution of the corporation which is not sought in the quo warranto proceedings.

Aside from this, the record shows that the respondent in the quo warranto proceedings is engaged exclusively in the performance of contracts with the federal government to construct implements incident to the prosecution of the present war in which our National Government is now engaged and that the contract questioned in the quo warranto proceeding was made and entered into for the purpose of enabling the respondent to perform its contract with the Federal Government and is, therefore, ancillary to the

construction contract under which the respondent is constructing ships for the Government.

I, therefore, think that the interest of the Federal Government and those departments of the Government upon which falls the duty of prosecuting the war in which we are now engaged, is such that the State courts are without jurisdiction to determine the question of validity of the involved provisions of the contract.

For the reasons stated, I think Rule Nisi in Prohibition should be issued.

ADAMS, J., concurs.