GRACE D. WEIGEL, by her husband and next friend, ADRIAN W. WEIGEL, v. BROWARD COUNTY PORT AUTHORITY, et al.

10 So. (2nd) 815                                    June Term, 1942
December 12, 1942                                      Division B

*Casey, Walton & Spain,* for appellants.
*R. R. Saunders,* for appellees.

TERRELL, J.:

In September, 1926, the City of Hollywood and the City of Fort Lauderdale each issued $2,000,000 in port bonds, the payment of which was assumed in July, 1929, by the Broward County Port Authority as authorized by Chapter 13940, Special Acts of 1929 as amended by Chapter 15107, Special Acts of 1931.

In November, 1942, Broward County Port Authority adopted a resolution authorizing the issue of $3,763,000 in refunding bonds for the purpose of refunding the outstanding and unpaid portion of said bonds issued by the City of Hollywood and the City of Fort Lauderdale as heretofore stated. The appellants as complainants brought this suit to restrain the issue of the refunding bonds or to proceed in any other manner provided in the resolution. The chancellor granted a motion to dismiss the bill of complaint and this appeal was prosecuted.

The first question has to do with whether or not Broward County Port Authority is such an entity as may refund bonds as authorized by Chapter 15772, Acts of 1931.

This question must be answered in the affirmative. The Broward County Port Authority is a taxing unit as contemplated by Chapter 15772, Acts of 1931, better known as the refunding act. It assumed the indebtedness in question as shown by resolution of July 10, 1929, wherein it pledged its full faith and credit to pay it. The obligation of the Port Authority is also attested by resolution adopted July 26, 1937, approving the plans of composition confirmed by the United States District Court for the Southern District of Florida.

Chapter 13940, Special Acts of 1929, and Chapter 15107 Special Acts of 1931, both authorized the Port Authority to assume the indebtedness and to impose such taxes on the property of the district as were necessary to pay the interest and principal when due. The resolution of July 10, 1929, recognized this obligation and became a part of the contract between the Port Authority and the bondholders. City of Fort Lauderdale v. State, ex rel. Elston Bank and Trust Co., 125 Fla. 89, 169 So. 584.

It is next urged that the City of Hollywood and the City of Fort Lauderdale may not be relieved of the obligation on the bonds when assumed by the Port Authority without an approving vote of the taxpayers as authorized by Section 6, Article IX of the Constitution of Florida.

There is no merit to this contention. The refunding bonds do not change the nature of the indebtedness or the security for its payment. The indebtedness was incurred for the purpose of constructing Port Everglades and it was designed in the beginning to impose the debt on the Port Authority and relieve the cities. The Port district embraces the City of Hollywood and the City of Fort Lauderdale with other territory and by legislative fiat takes over the obligation undertaken by the two cities. The bondholder will in the future look to the Port Authority to pay the interest and principal of his bonds instead of the cities but his security has not been changed. The original indebtedness nor the security has been increased or changed.

The refunding bonds will bear a reduced rate of interest and will be secured by the identical lands and properties that

secured the original bonds. This includes homesteads because the original bonds were issued and were outstanding prior to the adoption of the homestead amendment. Section 7 of Article X, Constition of Florida.

It is finally contended that the resolution authorizing the refunding bonds is invalid because of the pro rata distribution of the accumulated sinking fund to holders of original bonds when exchanged for refunding bonds.

We understand the effect of said resolution on this point is to authorize pro rata transfers of the original bond sinking fund to the refunding bond sinking fund so that the original bond sinking fund will be allocated proportionately between the remainder of the outstanding bonds and such of the refunding bonds as may be issued on a proper accounting basis in retirement of the indebtedness. Such a distribution is not invalid.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.