DREW, Justice
(dissenting).
Mandamus proceedings were instituted in the lower court by The State of Florida ex rel. Ouida Bilbry against the members of the Civil Service Board, the City Manager and City Treasurer of Clearwater.
Ouida Bilbry alleged that she was an unclassified employee employed by the city (but not from the certified list, as required by Chapter 21153, Acts of 1941, as amended) on October 5, 1950; that she did not take a written Civil Service examination, as required by Chapter 21153, supra, until June 15, 1951, and that she failed to pass such examination, but shortly thereafter the same was ruled invalid by the City Attorney. She continued in her employment and took another examination on December 23, 1951. After failing to pass said second examination she charged that it was also invalid because the test violated Section 9 of Chapter 21153, supra, which provides:
“All tests shall be practical and shall consist only of subjects which will fairly determine the capacity of the persons examined to perform the duties of the position to which appointment is to be made, and may include tests of physical fitness or of manual skill. * * *”
She then alleged that although she had failed to pass the examination she continued her employment until February 1, 1952, *224 when she received notice of termination .thereof as of February 4th, on the sole ground that she had failed to pass the examination December 23, 1951.
Under the Act, Chapter 21153, supra, the Civil Service of Clearwater was divided into two classes — classified and unclassified. The unclassified service is defined as elected officials, members of a board or commission, city manager, municipal judge, city attorneys, attorneys employed by the city and highly technical persons (there is no contention that Ouida Bilbry is of this class). All other employees are in the classified service. The Act further provides that all employees of the classified service who had been in their jobs for more than one year prior to the effective date of the Act (Ouida Bilbry was not one of these) would be retained without examination. Future employees were required to be selected from a certified list of persons successfully passing an examination.
Ouida Bilbry appealed to the Civil Service Board, as provided in the Act, but the appeal was denied and such action is alleged to be an “arbitrary, willful” violation of the Act. She then alleges that she has been “illegally deprived of her right to work and position” and concludes with the following prayer:
“Wherefore, your petitioner respectfully petitions this Honorable Court for a Writ of Mandamus to be' directed to the respondent F. C. Middleton, as City Manager of the City of Clearwater, Florida, commanding him to cancel and rescind his order terminating the employment of petitioner and directing him to restore her to her former position as disbursing clerk with the City of Clearwater and further directing said F. C. Middleton, as City Manager, and said Frank Abernathy, as City Treasurer, of the City of Clearwater, to do all matters and things necessary to accomplish payment to your petitioner of the compensation for. her position for all dates subsequent to February 15,. 1952, or for said F. C. Middleton as City Manager, said Frank Abernathy as City Treasurer, and/or said Harry D. Sar-geant, Glenn Allen, Newton Barlow, Henry George and Reade Tilley, as members of the Civil Service Board to show cause before this Court on a day set and as soon as the Court may order it why said F. C. Middleton and said Frank Abernathy refused so to do and that upon further hearing herein that a Peremptory Writ be issued to said respondents F. C. Middleton and Frank Abernathy requiring them to restore petitioner to her employment and compensate her a9 prayed herein.”
The alternative writ issued, directed to the above named City Manager and City Treasurer commanding them:
“* * * to forthwith restore said Ouida Bilbry to her former-position as disbursing clerk with the City of Clearwater, Florida, at a monthly salary of $195.00 per month, and you, F. C. Middleton, as City Manager, and Frank Abernathy, as City Treasurer of said city, to pay said Ouida Bilbry all sums due her in connection with her said employment from February 15, 1952 down to and including the date of her restoration to said employment, or in default thereof, that you and all of said respondents appear before this ‘Court on the 9th day of May, 1952, at the hour of 1:30 P.M. o’clock, •in Chambers in the County Court House at Clearwater, Florida, and then and there show cause why you refused so to do.”
After the motion to quash the writ was overruled the City officials filed their return setting forth that Ouida Bilbry was not selected from a certified list as required by the Act in the beginning but that even so she had failed to pass two examinations, both of which were properly conducted. They further denied that the provisions for discharge of a classified employee applied to her at all because she had failed in the beginning to comply with said Act by taking an examination.-
On these issues testimony was taken, whereupon on July 2, 1952 the lower court entered the following order:
“(a) That on or about October 5, 1950, the Petitioner was employed by *225 respondent City Manager upon the recommendation of the respondent City Treasurer as a disbursing clerk in the office of the Treasurer of the City of Clearwater, Florida; that prior to her said employment Petitioner was not given an examination or otherwise qualified under the Civil Service Act of the City of Clearwater, Florida, although she did complete an application blank with the then Director of Civil Service.
“(b) That at that time, and for a considerable period thereafter, there was considerable confusion relative to and various interpretations of the Civil Service Act, and a lack of uniformity in the way in which it was enforced.
“(c) That on or about June IS, 1951, Petitioner was given a written Civil Service examination which consisted of two separate sections, the first relating to the duties of a Junior Clerk, and the second relating to the duties of Disbursing Clerk; that Petitioner failed the section relating to the duties of Junior Clerk, and passed that section relating to the duties of Disbursing Clerk; that when averaged together her grades upon the two sections were not passing; that the portion of said examination relating to the duties of Junior Clerk did not consist of subjects that would fairly determine the capacity of petitioner to perform the duties of Disbursing Clerk; that upon the advice of the then City Attorney of said City, Petitioner was given a second written Civil Service examination on or about December 23, 1951, which she failed; that said second written Civil Service examination did not consist only of subjects which would fairly determine the capacity of Petitioner to perform the duties of Disbursing Clerk as required by said Civil Service Act.
“(d) That Petitioner was not notified as to the results of said second written Civil Service examination as required by said Civil Service Act, in sufficient time to request a correction of said examination, and that thereafter Petitioner’s appeal to and request for a hearing from said Civil Service Board was by it denied.
“(e) That upon her discharge by the City Petitioner was occupying the position of Disbursing Clerk with efficiency and competence, and was receiving a monthly salary of $195.00; that she has received no compensation from the City since February 15, 1952, and has since that time remained unemployed while pursuing action for the reinstatement, both with the Civil Service Board of said 'City, and this •Court;”
And the Court being fully advised in thí premises, it is therefore
“ORDERED AND ADJUDGED as follows:
“1. That the Respondents, members of the Civil Service Board of the City of Clearwater, Florida, shall forthwith as soon as reasonably practicable, give or cause to be given to Petitioner a written Civil Service examination upon such subjects as will fairly determine her capacity to perform the duties of Disbursing Clerk with said City; that Petitioner shall be given a reasonable length of time in which to take said examination, and that the same shall be given fairly and in accordance with applicable provisions of said Civil Service Act, and that said Respondent Board Members shall report the results of said examination to this Court for its further Order.”
Application was made here for writ of prohibition and we issued the rule to show cause on September 5, 1952. The matter is now before us on the return of the lower court and Ouida Bilbry and the city officials’ motion to strike and demurrers thereto.
This Court has granted prohibition where it has been made to appear to us— not only that an appeal will be ineffective, State ex rel. Meredith v. Board of Trustees, 102 Fla. 219, 135 So. 781; State ex rel. Swearingen v. Railroad Commissioners, 79 Fla. 526, 84 So. 444; State ex rel. Washburn, v. Hutchins, 101 Fla. 773, 135 *226 So. 298; Curtis v. Albritton, 101 Fla. 853, 132 So. 677; State ex rel. Brooks v. Freeland, 103 Fla. 663, 138 So. 27,—but that the court is about to act beyond its jurisdiction or in excess of its jurisdiction. State ex rel. American Fire & Casualty Co. v. Barns, 121 Fla. 341, 163 So. 715; State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872; State ex rel. Garrett v. Whitehurst, 122 Fla. 484, 165 So. 691; State ex rel. York v. Beckham, 160 Fla. 810, 36 So.2d 769; State ex rel. Byer v. Willard, Fla., 54 So.2d 179; Feger v. Fish, 106 Fla. 564, 143 So. 605; Curtis v. Albritton, supra; State ex rel. Brooks v. Freeland, supra. This Court has held that it will not review on prohibition matters which can be properly reviewed on appeal or certio-rari.
In my opinion this case falls squarely in the category of those cases where the court has jurisdiction of the class of suit and the parties but was proceeding in excess of that jurisdiction. Ouida Bilbry based her cause on the premise that she had been unlawfully discharged, and that she had a clear, legal right to be reinstated. That was the only issue involved. Mandamus lies to compel the performance of a purely ministerial duty and the right must exist at the time the writ issues. The writ cannot be used to establish the right — only to enforce it. State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199. The command of the order of July 2nd directed to the Civil Service Board requiring them to “give or cause to be given to petitioner a written Civil Service examination” and to “report the results of said examination to this Court for its further order” not only negatives the idea of a right existing on the date of the alternative writ, but goes beyond any issue in the case and was therefore a clear attempt by the lower court to exercise jurisdiction in excess of that possessed by it.
In the case of Atwood v. Cox, 88 Utah 437, 55 P.2d 377, 386, that Court held:
“The power to do a judicial act must always underxie the doing of it. Where the court decides it has the power and thus assumes to exercise it, such ruling may be reviewed on an application for the writ. Where the power depends upon the existence of certain facts, and those facts do not appear in the pleading asking that the power be invoked, and it appears that the court acted without such jurisdictional facts, the writ [meaning Prohibition] will lie.”
It is my view that the motion to strike and demurrer to the return of Ouida Bil-bry and the lower court should be granted and sustained, respectively, and peremptory writ of prohibition should be awarded in accordance with the prayer of the petition.