LEHAN, Acting Chief Judge.
We reverse the trial court’s denial of the petition for a writ of mandamus filed by Southtrust Bank, as trustee for the owners of bonds issued by the Palms of Terra Ceia Bay Community Development District (“the district”), a community development district formed under chapter 190, Florida Statutes. The petition requests that the writ compel the district through its board to levy ad valorem taxes to produce funds with which to pay the principal and interest on the bonds, which are in default.
The governing bond resolution provides: LEVY OF SPECIAL AD VALOREM TAX. In each year while any of such Bonds are outstanding there shall be levied and collected a tax without limitation as to rate or amount on all taxable property within the District, sufficient in amount to pay the principal of and interest on such Bonds and other charges as the same shall become due, after deducting therefrom any other funds (particularly Special Assessments and interest thereon as set forth in Section 11(A)) which may be available for such principal and interest payments and which shall actually be so applied, and said tax, when collected by the Tax Collector in and for Manatee County, Florida, shall pass directly to the Trustee for the benefit of the Bondholders.
Contrary to the arguments of appellees, the foregoing provision places upon the district the ministerial duty to levy those taxes. The levying of such taxes is mandatory, not discretionary. The resolution states that those taxes shall be levied after deduction of any other funds available from special assessments, and there is no question that no other such funds are available. Accordingly, appellant was entitled to the issuance of the writ.
When municipal bonds of a class known as general obligations payable from an inexhaustible taxing power have been issued, the holder of such bonds becomes entitled to have the pledged taxes levied whenever and as often and for so long a period of time as may be necessary to pay such bonds in full, and such is the promise embraced in the bond contract.
City of Fort Lauderdale v. State ex rel. Elston Bank & Trust Co., 125 Fla. 89, 94, 169 So. 584, 586 (1936).
[A] writ of mandamus may be resorted to by a municipal security holder to enforce the performance of imperative legal duties that are required by law to be performed by ministerial officers, in order to anticipate and provide for the payment of the principal or interest on bonds during a particular fiscal year in which it is made to appear that no adequate provision will be made to take care of same....
Humphreys v. State ex rel. Palm Beach Co., 108 Fla. 92, 114, 145 So. 858, 866 (1933).
The position of appellees that the bondholders would receive no benefit from levying the required taxes because any such levies would be in exorbitant amounts and would be unpaid and that there would be no return to the bondholders from the ensuing sale of tax certificates has not been established. Certainly it is a position with which the bondholders, acting through the trustee, have not agreed.
We recognize the argument that a special assessment, rather than an ad valorem tax, may be more appropriate. However, as the trustee argues, the district does not have that option under the bond resolution. Also, it appears that a special assessment could not properly be made in an amount sufficient to remedy the bond defaults.
We also recognize the plight of the owners of property interests in the district against which high taxes are to be levied under the terms of the bond resolution as *1207 quoted above. However, those interests are subject to the bond resolution. It is most unfortunate that all concerned cannot financially benefit from the project, or at least avoid losses. But, again, it is the bondholders who invested their money in the project, whose bonds are not being paid, and to whom promises were made who are entitled to the relief requested.
Reversed and remanded for proceedings consistent herewith.
FRANK and THREADGILL, JJ., concur.