119 So.2d 389 (1960)
James H. FERRIS et al., Appellants,
v.
BOARD OF PUBLIC INSTRUCTION OF SUMTER COUNTY, Florida, et al., Appellees.
No. 1471.
District Court of Appeal of Florida. Second District.
April 8, 1960.
David A. Davis, Bushnell, for appellants.
P.B. Howell, Bushnell, for appellees.
ALLEN, Chief Judge.
This is an appeal from a final order quashing the alternative writ of mandamus and dismissing the cause with prejudice to the plaintiff-appellants.
This cause began on April 11, 1959, when the appellants, as plaintiffs in the lower court, filed a complaint for a writ of mandamus seeking to compel the appellee-defendants to authorize and approve the transfer of eleven school children from the Bushnell school to the Webster school. An alternative writ was issued on April 11, 1959. The defendants filed a motion to dismiss the alternative writ on April 14, 1959, which was denied on the same date. The defendants then filed their answer and return to the alternative writ on May 5, 1959. The cause came on for final hearing on May 28, 1959, at which time the lower court quashed the alternative writ and dismissed the cause with prejudice and costs to the plaintiffs. Thereafter, this appeal was taken.
On March 3, 1959, the defendant passed a resolution consolidating the Webster High School into the Bushnell High School. On March 9, 1959, the eleven *390 pupils in whose behalf this action later was filed absented themselves from the Bushnell High School which they had previously attended and appeared at the Webster High School and asked to be enrolled.
The defendant Board refused to authorize this transfer stating that the Board policy prohibited authorization of any transfers unless the pupil had moved to another attendance area. The students apparently then moved to Webster and re-submitted their request for re-assignment. This request was also denied by the Board and this suit was then filed. While this suit was being litigated, the lower court ordered the students to remain at the Webster school and finish out the school year even though the Board refused to authorize the transfer. The final order quashing the alternative writ was entered on the last day of school and, according to appellant, no grades have as yet been issued or given to the eleven pupils.
This cause involves the "pupil assignment law" which appears as sec. 230.232 (1) and (2) Florida Statutes 1957, F.S.A. and provides as follows:
"(1) The county board of public instruction of the several counties are hereby authorized and directed to provide for the enrollment in a public school in the county of each child residing in such county who is qualified under the laws of this state for admission to a public school and who applies for enrollment in or admission to a public school in such county. The authority of each such board in the matter of the enrollment of pupils in the public schools shall be full and complete. No pupil shall be enrolled in or admitted to attend any public school in which such child may not be enrolled pursuant to the rules, regulations, and decisions of such board.
"(2) In the exercise of the authority conferred by subsection (1) upon the county boards of public instruction each such board shall provide for the enrollment of pupils in the respective public schools located within such county so as to provide for the orderly and efficient administration of such public schools, the effective instruction of the pupils therein enrolled, and the health, safety, education and general welfare of such pupils. In the exercise of such authority the board shall prescribe school attendance areas and school bus transportation routes and may adopt such reasonable rules and regulations as in the opinion of the board shall best accomplish such purposes. The county boards of public instruction shall prescribe appropriate rules and regulations to implement the provisions of this subsection and other applicable laws of this state and to that end may use all means legitimate, necessary and proper to promote the health, safety, good order, education and welfare of the public schools and the pupils enrolling therein or seeking to enroll therein. * * *"
This case arose as a result of the consolidation of the Webster school with the Bushnell school in Sumter County. As is usual, a bitter fight developed on the part of those parents and pupils residing in the Webster area in protest to having their school transferred to an adjacent town. Eleven of the children transferred refused to accept such transfer and reappeared at Webster school demanding that they be admitted. The law of this state places the assignment of pupils within the jurisdiction of the Board of Public Instruction. Vast discretion is vested in that body, and properly so, under the conditions that now exist. The school authorities familiar with the conditions in their own locality, are much better versed in school affairs than are the courts of the state and the courts will be very hesitant to interfere with the management of the schools where they are given the discretion which they today have under the pupil assignment law.
*391 A petition for an alternative writ of mandamus was filed against the individual members of the Board and the County Superintendent of Public Instruction to require them to forthwith approve the applications of the eleven pupils to be reinstated in the Webster school and to command the officials to cancel and annul any letters of instruction concerning the disapproval of the applications.
An alternative writ was issued commanding the respondents to approve the applications for reassignment or to show cause why refusal to do so is made.
The respondents answered, the tenor of which in general was that the board, acting pursuant to Chapter 230 of the Florida Statutes of 1957, F.S.A., had assigned the pupils as they had the discretion to so do and that the students, without their permission, left the Bushnell school and showed up at the Webster school.
The circuit judge on the 28th of May entered an order quashing the alternative writ and petition and dismissed the same with prejudice at the cost of the plaintiffs. The order of the circuit judge did not state the reasons for dismissing the petition and it was not necessary for him to do so.
A study of the petition and alternative writ convinces this court that the lower court was justified in quashing the alternative writ. It appears under the Florida law that the Board of Public Instruction had the authority to make the assignment which they made. There does not appear in the writ any clear duty on the part of the respondent board to reassign the pupils to the Webster school. Mandamus is a coercive writ and will not be issued unless there is a clear showing of a legal duty on behalf of the party sought to be coerced to take the action requested under the writ. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508, 90 A.L.R. 704.
It is also noticed that under section 230.232(3) (b), if any party disagrees with the action of the County Board of Public Instruction, that party has an administrative remedy which is, in effect, an appeal to the State Board of Public Instruction. It is generally held that mandamus actions or other resorts to the court will not be upheld until the parties seeking the writ have exhausted their administrative remedies. Hennessy v. City of Fort Lauderdale, Fla.App. 1958, 101 So.2d 176.
From the facts in this specific case we find no error in the lower court's order quashing the alternative writ, therefore, we affirm the same.
SHANNON, J., and SMITH, FRANK A., Associate Judge, concur.