714 So.2d 1111 (1998)
Stephen D. SICA, Sr., Appellant,
v.
Harry K. SINGLETARY, Jr., David R. Farcas, Frank Youngblood, Jr., Michael O. McRae, J.R. White, R.D. Woodmansee, and N. Behrens, Appellees.
No. 97-04385.
District Court of Appeal of Florida, Second District.
July 10, 1998.
Stephen D. Sica, Sr., pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Henry A. Gill, Jr., and Thomas E. Allison, Assistant Attorneys General, Tampa, for Appellee.
ALTENBERND, Judge.
Stephen D. Sica appeals an order denying his petition for mandamus. Mr. Sica is a 77-year-old, legally blind prisoner. He claims he was transferred from DeSoto Correctional Institution to harsher conditions at Charlotte Correctional Institution as punishment for reporting possible health risks concerning the water supply at DeSoto Correctional. His primary complaints are that *1112 Charlotte Correctional Institution confiscated his "book machine"[1] and that, as a handicapped prisoner, he does not have access to reading material comparable to the access of the non-handicapped prisoners. The non-handicapped prisoners have access to books twenty-four hours a day, which permits them to read while in their dormitory bunks. Mr. Sica has no books available to him in his own quarters, and limited access to the institution's library. He claims that prisoners are protected by the Americans with Disabilities Act (ADA),[2] that his book machine should be returned to him, and that he should have equal or comparable access to reading material.
There has been an ongoing debate concerning the applicability of the ADA to prisoners. See generally Raines v. State, 983 F.Supp. 1362 (N.D.Fla.1997) (applying ADA to prisoners); Staples v. Virginia Dep't of Corrections, 904 F.Supp. 487 (E.D.Va. 1995) (refusing to apply ADA to prisoners). The United States Supreme Court recently resolved this issue by finding that the plain text of title II of the ADA unambiguously extends to state prison inmates. See Pennsylvania Dep't of Corrections v. Yeskey, ___ U.S. ___, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). Although the ADA now applies to state prisoners, Mr. Sica has not established circumstances entitling him to the issuance of a writ of mandamus. Mandamus is a narrow, extraordinary writ used to coerce an official to perform a clear legal duty. See Ferris v. Board of Pub. Instruction of Sumter County, 119 So.2d 389 (Fla. 2d DCA 1960). Even if Mr. Sica is entitled to greater access to a reading machine, we must affirm the trial court's order without prejudice to him filing some other more appropriate action.
Affirmed.
PARKER, C.J., and QUINCE, J., concur.
NOTES
[1] From the record, we do not know the size or specifications of this machine. It is unclear whether Mr. Sica is claiming that he owns this machine or whether it has been made available for his use by some private or governmental program.
[2] 42 U.S.C. § 12101, et seq. (1997).