724 So.2d 129 (1998)
STATE of Florida, DEPARTMENT OF JUVENILE JUSTICE, Appellant,
v.
E.R., J.R., M.C., and C.A., Juveniles, Appellees.
Nos. 98-64, 97-3505.
District Court of Appeal of Florida, Third District.
November 25, 1998.
Rehearing Denied February 10, 1999.
*130 John Milla, Assistant General Counsel, Department of Juvenile Justice; Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellee.
Before NESBITT, JORGENSON, and SORONDO, JJ.
PER CURIAM.
E.R., J.R., and M.C. were all adjudicated delinquent and committed to the Department of Juvenile Justice (DJJ) for moderate risk placement. In a separate order, C.A. was similarly adjudicated. The DJJ placed each youth in the Pahokee Youth Development Center, a designated moderate risk facility. In these consolidated cases, the DJJ appeals two orders modifying the commitment of the four juveniles. The trial court found the DJJ had misinterpreted the statutory definition of "moderate risk" and ordered three of the juveniles reassigned. The fourth juvenile's motion was subsequently heard and the same trial judge ordered the DJJ to place that juvenile in "a lawful moderate risk program." The DJJ maintains this was de facto selection of facility, which is a responsibility of the department, not the court. We agree, and on the following analysis we reverse.
Two preliminary matters merit comment. First, the juveniles argue the DJJ does not have standing. This is not the case. DJJ has standing to bring this appeal and its notice of appeal was timely filed. See Department of Juvenile Justice v. J.R., 710 So.2d 211, 213 (Fla. 1st DCA 1998); State, Department of Juvenile Justice v. E.W., 704 So.2d 1148, 1148 (Fla. 4th DCA 1998); Department of HRS v. J.T.H., 595 So.2d 211, 211 (Fla. 5th DCA 1992).
Second, relying on Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), the juveniles assert that this court's prior denial of the DJJ's writ of prohibition established the jurisdiction of the trial court to enter the orders at issue. We disagree. Under a number of circumstances, modification of sentence is certainly within the trial court's duty and obligation. The DJJ filed its petition for writ of prohibition in response to juveniles' motions to modify sentence. In point of fact, the juveniles had the right to seek a modification of their sentences and the circuit court has the power to grant same. See § 985.23(1)(c), Fla. Stat. (1997). Accordingly, DJJ's petition was properly denied.
Although the motion filed below was entitled "Motion to Modify Sentence," it was not argued as such and the order entered, the subject of this appeal, goes well beyond a mere modification of juveniles' sentences. The order at issue seeks to dictate to the DJJ that which the legislature has determined *131 should be decided by the DJJ, to wit: the proper placement of juveniles in detention facilities. See Department of Health & Rehabilitative Servs. v. B.J.M., 656 So.2d 906 (Fla.1995). Moreover, a careful review of the record in this case reveals that the lower court's ruling was not an unexpected aberration, but rather represents exactly what the juveniles were seeking. It is therefore clear that this Court's ruling in the DJJ's previously filed and adjudicated petition for writ of prohibition did not address the issues presented in this appeal, and consequently does not bar review.
As recently observed in Department of Juvenile Justice v. J.R., 716 So.2d 872, 873 (Fla. 1st DCA 1998):
As a matter of law, the trial court lacked the statutory authority to make this selection decision. Under former chapter 39 [Now codified at chapter 985, Florida Statutes (1997). See §§ 985.23, 985.231, Fla. Stat. (1997).] it was well-established that the choice of facility was legislatively mandated to be the responsibility of the Department. See § 39.054, Fla. Stat. (1995); § 39.052, Fla. Stat. (Supp.1996); R.L.B. v. State, 693 So.2d 130 (Fla. 1st DCA 1997)("The court's duty to impose a restrictiveness level and its discretion in regard to this duty are circumscribed by this statute, and there is no mention of court power in regard to actual program placement."). See also Florida Dep't of Juvenile Justice v. E.W., 704 So.2d 1148 (Fla. 4th DCA 1998)(affirming commitment at restrictiveness level 8, but reversing portion of order requiring placement in a specific facility); Department of Health and Rehabilitative Servs. v. State, 616 So.2d 91 (Fla. 5th DCA 1993)("juvenile judge lacks authority under Chapter 39 to direct HRS to place any child committed to it[] in a specific facility, or to require HRS to spend its funds in any particular manner"); Department of Health and Rehabilitative Servs. v. R.W.K., 556 So.2d 815 (Fla. 5th DCA 1990)("the court does not have the statutory authority to place the child in a specific facility or program"). (Footnote included in text.)
The trial court did not have the statutory authority to place these children in specific facilities or programs.
Accordingly, we reverse. Having committed the juveniles to the custody of the department, the trial court lacked the power to require the department not to place the juveniles at a particular facility, as this amounted to a usurpation of the department's statutory authority.
Reversed and remanded.