730 So.2d 407 (1999)
Robert HOLVECK, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-441.
District Court of Appeal of Florida, Fifth District.
April 9, 1999.
*408 Robert Holveck, Chattahoochee, pro se.
No Appearance for Respondent.
W. SHARP, J.
Holveck filed a pro se Petition for an Injunction, alleging that his legal papers are in danger of being seized and that their prior seizure has impeded his preparation of a Petition for Writ of Habeas Corpus. We elect to treat this pleading as a Petition for Writ of Mandamus, and we deny it because of lack of jurisdiction.
The substance of Holveck's pleading sets forth the fact that he is currently being held at the Chattahoochee Mental Health Institution. He asserts that at present he has all of his legal papers, but the institution is threatening to seize them if he does not take his medication. The petition also alleges that the Department of Corrections has at various times and at various locations improperly taken his legal papers, thereby hindering his preparation of a Petition for Writ of Habeas Corpus. Attachments indicate Holveck has sought redress in the various institutions in which he has been held.
Mandamus is a common law remedy used to enforce an established legal right by compelling a public officer or agency to perform a duty required by law. To enforce his right to access his legal papers, Holveck must first address his grievances by seeking administrative relief, which he may have done in this case. If relief is not obtained, he must then file a Petition for Writ of Mandamus in the circuit court which has jurisdiction over the institution in which he is being held. See, e.g., Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990); Graham v. Vann, 394 So.2d 180 (Fla. 1st DCA 1981). The district court of appeal having jurisdiction over the circuit court would then have appellate jurisdiction to review the ruling of the circuit court.
Further, in this case, Holveck has failed to establish that his right to his legal papers has been violated by the Department of Corrections or by the institution in which he is currently held. At present, he acknowledges he has all of his legal papers. A threat to seize the papers in the future is not sufficient.
Petition for Writ of Mandamus DENIED.
GRIFFIN, C.J., and DAUKSCH, J., concur.