ALTENBERND, Acting Chief Judge.
Fredrick Rogers seeks certiorari review of a trial court order compelling an attorney to provide an investigative statement to the state attorney concerning Mr. Rogers’ communications to that attorney. The trial court entered the order on the State’s oral motion at an ex parte hearing. Such an order may be reviewed by certio-rari. See State v. Rabin, 495 So.2d 257 (Fla. 3rd DCA 1986); Corry v. Meggs, 498 So.2d 508 (Fla. 1st DCA 1986). We quash the order because the trial court failed to give Mr. Rogers notice and an opportunity to be heard before it decided that he could not assert a lawyer-client privilege to preclude the discovery.
The record in this proceeding is quite limited. Mr. Rogers is the defendant in a criminal case pending in Polk County as case number 98-07525A-XX. Allegedly, Mr. Rogers separated from his wife in early December 1998 when she threatened to press criminal charges against him. He was suffering from severe, suicidal depression. He contacted his brother, who in turn contacted their cousin, a bail bondsman. The cousin contacted an attorney, Nat White. Mr. White had previously represented Mr. Rogers in a criminal case and had obtained an acquittal.
Apparently, Mr. Rogers went to talk to Mr. White about the matters that are now pending as a criminal case. Allegedly, because of his severe depression and mental limitations, Mr. Rogers wanted to have his brother and cousin present when he talked to the attorney. The record does not reflect the nature or extent of their discussions. Thereafter, Mr. Rogers retained Steve Pincket to represent him in the criminal case.
It is unclear from this record exactly how the State discovered the fact that Mr. Rogers spoke to Mr. White. Although Mr. Rogers alleges in his petition that he filed *829 a notice to participate in discovery, he would not have listed as a witness an attorney for whom he intended to assert a lawyer-client privilege.[1] Nevertheless, the State served an investigatory subpoena on Mr. White. Mr. White refused to answer questions at the investigatory interview, raising Mr. Rogers’ lawyer-client privilege under section 90.502(3)(e), Florida Statutes (1997).
The State sought an immediate hearing on this matter before Judge Smith, who was the designated duty judge. At a hearing apparently conducted without a court reporter and with no notice to Mr. Rogers, the State orally requested an order compelling Mr. White to testify. Mr. White has filed an affidavit as part of this record stating that no witness was placed under oath at this ex parte hearing. The duty judge entered an order finding that Mr. Rogers waived the lawyer-client privilege concerning his communications with Mr. White when he allowed third parties to be present. In fairness to Judge Smith, he delayed the interview with Mr. White for ten days and served a copy of his order on Mr. Pincket, apparently believing that Mr. Rogers could further object or seek rehearing during that time. Mr. Rogers interpreted the ten-day period as an opportunity to seek appellate review. Thus, he filed this petition and the trial court stayed the interview pending appellate review.
At the outset, we are concerned with the absence of a transcript. Florida Rule of Administrative Procedure 2.070(b) states that all criminal proceedings “shall be reported.” We regard a hearing on a motion to compel testimony pursuant to a subpoena issued under section 27.04, Florida Statutes (1997), as a hearing within a criminal proceeding. When the motion is made orally and the hearing is not recorded, the defendant has virtually no record to provide to this court. It is likely that we would regard the order as a departure from the essential requirements of the law for this reason alone.
Although Mr. White has standing to raise the lawyer-client privilege in this case, the privilege is possessed by the client. See § 90.502(2), Fla. Stat. (1997). Whether the privilege ever existed and, if so, whether it was waived are questions of fact that can be determined only after an evidentiary hearing. There would be serious due process issues created by a procedure through which the client lost the privilege without notice or an opportunity to be heard.[2] We hold that when an attorney is subpoenaed under section 27.04 and raises the lawyer-client privilege as an objection to testimony, the alleged client has a right to be notified and to appear at any hearing on a motion to compel testimony from the attorney.
Petition for writ of certiorari granted.
WHATLEY and SALCINES, JJ., Concur.

. The petitioner does not argue that the State had any obligation under Florida Rule of Criminal Procedure 3.220 to disclose to Mr. Rogers or his attorney that it intended to examine Mr. White.

. The attorney-client privilege protects a defendant's constitutional right to legal representation. See Mills v. State, 476 So.2d 172, 176 (Fla.1985); Corry v. Meggs, 498 So.2d 508, 513 (Fla. 1st DCA 1986). Not only can a defendant assert the attorney-client privilege to prohibit the disclosure of information but also, in some circumstances, a defendant can have evidence obtained in violation of the attorney-client privilege suppressed. See, e.g., State v. Caballero, 510 So.2d 922, 923 (Fla. 4th DCA 1987). Cf. State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997) (suppressing medical records obtained by state attorney in violation of defendant’s right of privacy).