790 So.2d 535 (2001)
STATE, DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Joe JACKSON, Phillip Williams, Donald Paul Johnson and Barney Franklin, Respondents.
No. 2D00-1768.
District Court of Appeal of Florida, Second District.
July 13, 2001.
*536 Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, and Richard L. Polin, Assistant Attorney General, Miami, for Petitioner.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Respondents.
FULMER, Judge.
Petitioner, the Department of Children and Family Services (DCF), seeks certiorari review of a trial court order entered in four involuntary civil commitment proceedings, pursuant to Florida's Jimmy Ryce Act, sections 394.910-931, Florida Statutes (2000) (the "Act").[1] The trial court found probable cause to believe that the respondents are sexually violent predators, and the respondents are being detained while they await their commitment trials. The order under review requires DCF to transfer two of the respondents, Barney Franklin and Phillip Williams, from its South Bay facility to its Martin County Treatment Center, pending trial.[2] The order also requires DCF to keep the remaining respondents, Joe Jackson and Donald Paul Johnson, detained at the Martin County Treatment Center, pending trial. The order is based, in large part, upon the trial court's finding that South Bay offers "a harsher form of confinement" for pretrial detainees than does the Martin County Treatment Center. Because the trial court's order lacked an evidentiary basis, we grant the petition and remand for further proceedings.
Neither party disputes that DCF uses South Bay to house pretrial detainees who have declined to participate in voluntary counseling/treatment programs offered by DCF. No counseling or treatment is provided at that facility. Each of the respondents *537 in this case declined to participate in DCF's voluntary counseling/treatment programs. DCF accordingly housed them initially at South Bay.
The respondents subsequently filed, in their commitment proceedings, motions for transfer from South Bay, a facility which they described as a "penal institution." The motions alleged that South Bay is really a prison operated by the Department of Corrections. The motions further alleged that the respondents were being held in secure detention at that facility just like any other prisoner charged with a crime or serving a sentence. The respondents sought to be transferred to a facility designed and operated for the care and treatment of persons with alleged mental disorders.
The trial court granted the motions filed by respondents Jackson and Johnson without holding a formal hearing. Their motions were not served on DCF. However, they were served on the Office of the State Attorney for the Tenth Judicial Circuit, Polk County. Once DCF received notification of the transfer orders, it filed motions for rehearing, which were set for hearing. Respondents Franklin and Williams set their transfer motions for hearing at the same time. Their motions also were not served on DCF. Nevertheless, DCF received notice of these motions prior to the hearing on them and actively participated at that hearing.[3]
Although DCF asserted at the hearing that resolution of the motions would require a full evidentiary hearing an assertion to which the respondents did not objectthe trial court took no evidence. Instead, the trial court heard only argument from counsel. The trial court subsequently entered an order requiring DCF to house the respondents at the Martin County Treatment Center pending their commitment trials. The trial court found that, insofar as the respondents had yet to be committed, it was "inappropriate that they be forced into treatment or suffer a harsher form of confinement for their refusal to enter treatment."
In making this ruling, the trial court necessarily found that South Bay did not constitute an "appropriate secure facility" to house pretrial detainees, as that phrase is used in section 394.915. Under section 394.915(1), "[i]f the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall order that the person remain in custody and be immediately transferred to an appropriate secure facility if the person's incarcerative sentence expires." Thus, by ordering removal of the respondents from South Bay, the trial court in this case implicitly found that South Bay did not constitute an "appropriate secure facility" without taking any evidence on the matter, despite DCF's request for an evidentiary hearing on the matter.
DCF argues that, for a variety of reasons, the issue of whether South Bay is an "appropriate secure facility" for pretrial detainees under the Act is not properly litigated in the commitment proceedings. We disagree. The only argument by DCF in this regard that we find warrants discussion is its claim that the respondents were required to exhaust their administrative remedies before seeking judicial consideration of the conditions of their confinement. We conclude that DCF's exhaustion argument is without merit.
The underlying issue raised in respondents' motions goes beyond the mere conditions of their confinement at South Bay. *538 For example, the respondents are not alleging that they are being deprived of access to a law library at that facility. Instead, their motions raise the more fundamental question of whether South Bay is an appropriate facility for housing pretrial detainees. This requires an interpretation of what constitutes an "appropriate secure facility" under section 394.915. No administrative remedies currently exist to adequately address this issue.
Although section 394.930(4) authorizes DCF to adopt rules for the designation of secure facilities and such rules potentially could provide a viable avenue for administrative review of whether a particular facility is an "appropriate secure facility" within the meaning of the Act, DCF apparently has not adopted such rules. We reach this conclusion because DCF failed to provide this court with any rules in response to our order directing supplemental briefing on this issue. We therefore conclude that, until such time as an adequate avenue for administrative review is developed, the issue of whether a particular facility is an "appropriate secure facility" for housing pretrial detainees can be raised within the commitment proceedings themselves. Cf. In re: Detention of Gordon, 102 Wash. App. 912, 10 P.3d 500, 503-04 (2000) (considering and rejecting on its merits the State's contention that the trial court erred in ruling that a particular hospital was not a "secure facility" as contemplated by Washington's sexually violent predator act in the underlying commitment proceeding).
The trial court accordingly properly entertained the respondents' motions for transfer within the commitment proceedings. Despite our resolution of this issue, we nevertheless hold that the trial court departed from the essential requirements of law in finding that South Bay was not an "appropriate secure facility" for pretrial detainees without holding an evidentiary hearing on the matter. Whether South Bay is in fact a prison run by the DOC, as alleged by the respondents, in which pretrial detainees under the Act are treated the same as individuals charged with crimes or serving sentences, cannot be determined based solely on the argument of counsel.
The trial court's decision to make this pivotal factual finding without the benefit of such evidence deprived DCF of due process and warrants the granting of relief. Cf. Rogers v. State, 742 So.2d 827, 829 (Fla. 2d DCA 1999) (granting certiorari review of an ex parte order compelling an attorney to provide an investigative statement to the state attorney concerning the petitioner's communications to that attorney where the issues of "[w]hether the privilege ever existed and, if so, whether it was waived are questions of fact that can be determined only after an evidentiary hearing"). We accordingly grant the petition and quash the trial court's order under review. Upon remand, the trial court shall conduct an evidentiary hearing to determine whether South Bay constitutes an "appropriate secure facility" for pretrial detainees under the Act. If the trial court determines that South Bay is an "appropriate secure facility," the trial court is precluded from directing a specific placement for the respondents because it then becomes the exclusive responsibility of DCF to select the facility in which they will be housed. See State, Dep't of Juvenile Justice v. E.R., 724 So.2d 129 (Fla. 3d DCA 1998).
Petition granted; trial court's order quashed; case remanded for further proceedings in accordance with this opinion.
BLUE, C.J., and DAVIS, J., Concur.
NOTES
[1] The Act is currently located in part V, chapter 394 of the Florida Statutes entitled "Involuntary Civil Commitment of Sexually Violent Predators." See ch. 99-222 § 1, at 961, Laws of Fla.
[2] It has come to this court's attention that DCF may have closed the Martin County Treatment Center in December 2000, and moved its residents to the Florida Civil Commitment Center (FCCC), located in Desoto County. Because DCF was housing all four respondents in this case at the Martin County Treatment Center at the time it filed this petition, we assume that the respondents were transferred to the FCCC. The closing of DCF's Martin County Treatment Center does not affect the outcome of this petition which addresses the forum and procedures for determining what constitutes an "appropriate secure facility" under the Act.
[3] In the future, DCF should be provided with copies of such motions and notices of hearing. As the entity responsible for operating the facilities that house those detained under the Act, DCF has an interest in the proceedings. See § 394.9151, Fla. Stat. (2000).