SHARP, W., J.
Widel petitions this court for relief,[1] claiming that the Department of Children and Family Services (DCF) has failed to provide him with access to a sufficient law library to enable him to defend himself. He was involuntarily committed after the state initiated proceedings against him pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Act, commonly known as the Jimmy Ryce Act. § 394.910, et seq. The DCF is the entity responsible for placing detainees under the Jimmy Ryce Act in “an appropriate secure facility.”[2] He is presently being held at the South Bay Detainee Unit in South Bay, Florida, in Palm Beach County.[3] We dismiss his petition without prejudice to seek a remedy in the appropriate court.
In his petition, Widel alleges he opted to represent himself in a detainment proceeding held on November 30, 1999, and has been incarcerated at South Bay since that time. He also asserts that the DCF has promulgated no rules regarding access to *1247 legal research materials for persons involuntarily held under the Jimmy Ryce Act, and although he was provided with some materials, they were inadequate. He further alleges he made full use of all available avenues of relief before seeking relief in the appellate courts. He claims he filed a formal Request/Complaint with the DCF, but he did not provide a copy of this document in this proceeding because he says he only has one copy. Apparently, South Bay authorities required him to surrender this document for copying outside his presence, which he refuses to do.
Thereafter, Widel sought relief in the trial court in Osceola County, the court where he had been convicted of a lewd assault and sexual battery on a victim under the age of sixteen,[4] and where the involuntary-commitment proceeding is being held. That court attempted to formulate some relief by directing DCF to give Widel greater access to legal research materials and to allow him to make copies of his own documents. However, it recognized it lacked jurisdiction to direct how these two matters should be accomplished and eventually it denied Widel’s petition without prejudice to seek relief in an alternative forum.
Widel then filed his petition in the Florida Supreme Court, which in turn treated his petition as mandamus and transferred the matter to the Fifth District Court of Appeal. Like the circuit court in the Ninth Judicial Circuit, we conclude that we also lack jurisdiction to entertain this petition, although we are in sympathy with a person’s right to defend him/herself in an involuntary commitment proceeding like the Jimmy Ryce Act and as a part of that, to be provided with adequate legal research facilities, copying machines, and the like. See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Mitchell v. Moore, 786 So.2d 521 (Fla.2001).
Analogous to the criminal cases,[5] we rule that a person seeking such a remedy must first seek administrative relief against the agency holding him or her (the DOC, or in the instant case, the DCF), and be able to demonstrate the fact that it was sought prior to seeking review in court. In this case, the absence of Widel’s copy of his Request or Complaint filed with the DCF is critical,
If relief is not obtained in the administrative setting, he or she may then file a Petition for Writ of'Mandamus in the circuit court which has jurisdiction over the institution in which he or she is being held. Holveck v. State, 730 So.2d 407, 408 (Fla. 5th DCA 1999); Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990). The district court of appeal having jurisdiction over the circuit court would then have appellate jurisdiction to review the ruling of that court. In this case, that appellate court would be the Fourth District Court of Appeal.
Petition for Writ of Mandamus DISMISSED.
COBB and ORFINGER, R.B., JJ., concur.

. We elect to treat his petition as one for mandamus relief.

. DCF is the entity responsible for placing detainees in “an appropriate secure facility.” See § 394.9135(1), Fla. Stat. (2000). See also Ch. 99-222 § 1, at 961, Laws of Fla.

.DCF uses South Bay to house pretrial detainees who have declined to participate in voluntary counseling/treatment programs offered by DCF. No counseling or treatment is provided at that facility. State, Dept. of Children & Families v. Jaclcson, 790 So.2d 535 (Fla. 2d DCA2001).

. §§ 794.011, 800.04, Fla. Stats. (1987).

. Moore v. Peavey, 729 So.2d 494 (Fla. 5th DCA 1999); Smith v. State, 785 So.2d 1237 (Fla. 4th DCA 2001).