802 So.2d 467 (2001)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner,
v.
Gary Wayne BURTON, Respondent.
No. 2D00-4820.
District Court of Appeal of Florida, Second District.
December 21, 2001.
*468 Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Petitioner.
Michelle Pincket, Lakeland, for Respondent.
SILBERMAN, Judge.
The Florida Department of Children and Family Services (the Department) seeks certiorari review of an order granting Gary Wayne Burton's motion for access to a computer and to Westlaw, a computer-based legal research service. The Department also seeks review of an order denying its motion to vacate the access order. Because the circuit court lacked jurisdiction, we grant the petition and quash the access order.
In 1990, in the circuit court for the Tenth Judicial Circuit for Polk County, Burton was convicted and sentenced to prison for two counts of lewd, lascivious, or indecent assault or act upon or in the presence of a child. In 1999, also in the Tenth Judicial Circuit, the State filed a petition for civil commitment of Burton as a sexually violent predator pursuant to part V of chapter 394, Florida Statutes (1999), which is entitled "Involuntary Civil Commitment of Sexually Violent Predators" and commonly known as the "Jimmy Ryce Act" (the Act). Pursuant to the Act, Burton was committed to the custody of the Department after he completed his prison sentence. He was sent to the Martin Treatment Center, located in Martin *469 County, within the Nineteenth Judicial Circuit.[1]
In October 2000, Burton, through counsel, filed in the Tenth Judicial Circuit an unsworn motion seeking access to a computer and to Westlaw. The motion was sent by mail to the director of the Martin Treatment Center, to the assistant state attorney who handled the commitment action, and to the judge who presided over Burton's commitment action. A cover letter asked the judge to enter an order granting the motion for access if no objections were made within ten days. No objections were received and, without a hearing, the judge entered an order granting the motion.
The Department subsequently learned that the order had been entered, and it filed a motion to vacate the order. The Department asserted that it was not given proper notice of the motion, that the trial court lacked jurisdiction to enter the order because the Department was not a party to the commitment action, and that the trial court lacked subject matter jurisdiction to the extent the order regulates the treatment of a person in the custody of the Department. The trial court denied the motion to vacate.
In its petition for writ of certiorari, the Department argues that the circuit court departed from the essential requirements of law by granting Burton's motion for access and by denying the Department's motion to vacate the access order. The Department asserts that unless relief is granted, it will have no adequate remedy by appeal. We have jurisdiction pursuant to article V, section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(A). See also Chicken `N' Things v. Murray, 329 So.2d 302, 304 (Fla.1976) (recognizing that certiorari is a means for review and correction of jurisdictional or other fundamental irregularities).
While not styled as such, Burton's motion was in the nature of a petition for writ of mandamus because it sought an order compelling the Martin Treatment Center to provide equipment and services to him. However, it is the Department that has legal custody of Burton. See § 394.917(2), Fla. Stat. (2000). Moreover, the Department is the entity responsible for the operation of the facilities that house persons committed under the Act. See § 394.9151, Fla. Stat. (2000); State, Dep't of Children and Families v. Jackson, 790 So.2d 535, 537 n. 3 (Fla. 2d DCA 2001).
A writ of mandamus is available "to coerce an official to perform a clear legal duty." Sica v. Singletary, 714 So.2d 1111, 1112 (Fla. 2d DCA 1998). It is used to enforce a clear legal right and, while "it cannot be used to compel a public agency to exercise its discretionary powers in a given manner, it may be used to compel the agency to follow its own rules." Williams v. James, 684 So.2d 868, 869 (Fla. 2d DCA 1996). However, the petitioner must have a clear legal right, and the respondent must have an indisputable legal duty. Huffman v. State, 26 Fla. L. Weekly S400, ___ So.2d ___, 2001 WL 617716 (Fla. June 7, 2000); Lee County v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994). Additionally, the writ of mandamus is used to enforce an existing legal right rather than to establish that right. See State ex rel. Cortez v. Bentley, 457 So.2d 1072, 1073 (Fla. 2d DCA 1984).
In Widel v. Venz, 792 So.2d 1246 (Fla. 5th DCA 2001), the Fifth District Court of *470 Appeal considered a similar issue. A person committed under the Act sought "access to a sufficient law library to enable him to defend himself." Id. at 1246. The court concluded that a person seeking the type of relief sought by Widel must first pursue administrative relief against the Department.[2] If administrative relief is not obtained, the person may seek relief by filing a petition for writ of mandamus in the court having jurisdiction over the institution in which the person is being held. Id. at 1247.
Because the type of relief sought by Burton was essentially that of mandamus, he should have filed his request in the circuit court for the Nineteenth Judicial Circuit, the court with jurisdiction over the Martin Treatment Center. See Widel, 792 So.2d at 1247; State ex rel. Anderson v. Parks, 94 Fla. 91, 113 So. 702, 703 (1927). The circuit court for the Tenth Judicial Circuit did not have jurisdiction to consider Burton's motion.
Although the circuit court's lack of jurisdiction is dispositive, we note that Burton had counsel representing him in the commitment proceeding. Burton's motion, filed by counsel, requested computer and Westlaw access so Burton could assist counsel in identifying relevant issues and precedent. Pursuant to section 394.916(3), Florida Statutes (2000), Burton is entitled to the assistance of counsel. However, Burton cites no authority for the proposition that he is entitled to computer access and Westlaw in order to provide research assistance to counsel. We leave for another day the merits of the issue of access as requested by Burton, as well as who might be responsible to bear the cost of providing access to the services of a commercial legal research service.
Because we conclude that the trial court lacked jurisdiction, we grant certiorari and quash the order granting access.
Petition granted.
PARKER, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Although the Martin Treatment Center may now be closed, its closing does not affect our consideration of the issues presented. See State, Dep't of Children and Families v. Jackson, 790 So.2d 535, 536 n. 2 (Fla. 2d DCA 2001).
[2] Burton argues that because administrative remedies are not available, he is unable to exhaust such remedies. We do not reach this issue because of our conclusion that the circuit court lacked jurisdiction. For the same reason, we do not address the manner in which Burton's motion was served or the fact that the circuit court entered the access order without a hearing.