PER CURIAM.
On February 28, 2002, in circuit court case No. 01-32955, Appellant was convicted of the offense of felony driving under the influence. Pursuant to section 322.26(l)(a), Florida Statutes (1998 Supp.), the Department of Highway Safety and Motor Vehicles (DHSMV) is required to revoke the license or driving privilege of a person convicted of this offense. In Department of Highway Safety & Motor Veh *301 icles v. Critchfield, 805 So.2d 1034 (Fla. 5th DCA 2002), however, this court declared that this law, enacted as part of section 8 of Chapter 98-223, Laws of Florida, was invalid because it was enacted in violation of the single subject rule of the Florida Constitution. The Florida Supreme Court recently affirmed this ruling. Department of Highway Safety & Motor Vehicles v. Critchfield, 842 So.2d 782 (Fla.2003).
In July of 2002, Appellant, acting pro-se and relying on this court’s Cñtchfield opinion, filed a “Complaint for Summary Judgment” in which he sought a declaration that the statute is in violation of the single subject rule and a further declaration that he “would not be legally barred from applying for a hardship license.” The complaint was filed within criminal circuit court case 01-32955. The trial court denied the ‘complaint’ noting that the revocation of the license was not a part of Appellant’s criminal sentence but, rather, an action that was to be performed by the DHSMV. The court further noted that unless and until the DHSMV takes action, there is no matter in controversy.
Appellant claimed in his motion seeking relief that, in fact, the DHSMV had revoked his license. We find, however, that regardless of whether a revocation has already taken place, Appellant’s motion for relief filed within his criminal court case was properly denied. Appellant’s remedy is properly with the agency that allegedly revoked his license, the DHSMV. If the DHSMV acts unlawfully in failing to rescind Appellant’s revocation or otherwise revokes Appellant’s license without lawful purpose, Appellant may avail himself of the appropriate remedy at that time. See Lickman v. State, 810 So.2d 1016 (Fla. 4th DCA 2002); Holveck v. State, 730 So.2d 407 (Fla. 5th DCA 1999); Fla. R.App. P. 9.030(c)(3).
ORDER DENYING RELIEF AFFIRMED.
SAWAYA, PLEUS and TORPY, JJ., concur.