891 So.2d 1180 (2005)
Daniel HENDERSON, Petitioner,
v.
James V. CROSBY, Jr., Secretary, Department of Corrections, Respondent.
No. 2D04-1761.
District Court of Appeal of Florida, Second District.
February 2, 2005.
*1181 Daniel Henderson, pro se.
Charles J. Crist, Jr., Attorney General, and Wendy Benner-Leon, Assistant Attorney General, Tallahassee, for Appellee.
STRINGER, Judge.
The State has yielded to petitioner Henderson by properly conceding, in part, the circuit court's error in dismissing his petition for a writ of mandamus to correct due process violations that allegedly occurred in a Department of Corrections disciplinary report (DR) proceeding. We grant in part and deny in part his petition for writ of certiorari.
Henderson was sentenced to life in prison in 1976 for second-degree murder, dangerous act. He does not seek a return of gain time, but he believes that the existence of a DR could affect his opportunity for parole release. He pursued prison administrative proceedings to challenge a perceived violation of his due process rights concerning an irregular prison drug testing procedure. Henderson contends that Sergeant Mares switched his urine sample with that of his cellmate, who uses drugs and regularly tests positive for drugs. The relief he sought was the removal of the DR from his file.
After Henderson exhausted the prison appeal process, he filed a petition for writ of mandamus with the circuit court for an order compelling the Department to remove the DR from his record. He added for the first time a request for an order directing the Department to conduct an investigation of Sergeant Mares.
The circuit court's order found that Henderson had exhausted all administrative remedies at the Department of Corrections. Concluding, however, that he had failed to show a clear legal right to the relief requested or that the respondent had an indisputable legal duty to perform the requested action, the court dismissed his petition.
We review his petition for certiorari review of the circuit court's order. Certiorari review is limited to determining whether the circuit court afforded due process and observed the essential requirements of the law. Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997).
The Department concedes, and we agree, that certiorari should be granted to allow Henderson a judicial review by the circuit court of the DR that was based upon allegedly tainted evidence and improper procedure. DOC rules authorize the director of classification and programs to expunge a DR from the inmate record in cases affecting the integrity of the disciplinary process or procedures. Fla. Admin.Code R. 33-601.311(5). Mandamus is proper because Henderson has a clear legal right to judicial review and no other adequate remedy, and the respondent has the undisputable legal duty to perform the requested action. See Huffman v. State, 813 So.2d 10, 11 (Fla.2000). The circuit court thus departed from the essential requirements of the law by dismissing his petition for writ of mandamus despite this right to a judicial review.
Henderson has alleged violations of mandated procedures that must be observed for specimen collection and on-site testing of specimens. See Fla. Admin. Code *1182 R. 33-108.101(b)-(d). He has submitted unnotarized affidavits of other prison inmates that purport to establish the violation of these procedures. The Department notes that these affidavits were not available for the circuit court. The record also fails to include the DR record, including the charging document, urine test results, incident report, witness statements, disciplinary hearing team's finding, investigative process, or any of the information available to the prison disciplinary hearing team to make its decision.
We grant the writ of certiorari to the extent Henderson claims a denial of his due process right to a judicial review of the disciplinary proceedings. We remand for the circuit court to issue an order to show cause so that the Department may afford a more complete record for the circuit court to consider.
To the extent Henderson seeks an order compelling the Department to conduct an investigation of Sergeant Mares, the trial court properly denied relief. Henderson failed to exhaust his administrative remedies prior to seeking the requested relief for an investigation of the officer. He prayed for this relief for the first time in his petition for writ of mandamus filed with the circuit court. Each ground raised in a petition for extraordinary relief must first be presented to and addressed by the administrative agency. Riddell v. Fla. Dep't of Corr., 538 So.2d 132, 133 (Fla. 1st DCA 1989).
Accordingly, we grant in part and deny in part certiorari.
SILBERMAN and WALLACE, JJ., concur.