VILLANTI, Judge.
 

 Joseph Finfrock appeals the denial of his petition for writ of mandamus that he filed in the circuit court seeking an order requiring the Florida Civil Commitment Center (FCCC) to strike certain disciplinary sanctions from his record. We affirm because the record does not establish that Finfrock exhausted his administrative remedies before seeking relief in the circuit court. Therefore, his petition was premature.
 

 The extremely limited record in this appeal shows that Finfrock, who is currently a resident of the FCCC, was disciplined for fighting with another resident. Fin-frock filed a petition for writ of mandamus in the circuit court seeking to have the disciplinary report stricken from his record. In his petition, he alleged that he did not start the fight, that he was just defending himself, and that he should not be disciplined for defending himself. However, he did not allege that he ever attempted to resolve this issue through any administrative channels within the FCCC, and he did not attach any documents showing that he had exhausted his administrative remedies. The circuit court denied Fin-frock’s petition on the grounds that Fin-frock had not shown a clear legal right to the relief he sought. Finfrock then brought this appeal.
 

 In
 
 Henderson v. Crosby,
 
 891 So.2d 1180, 1181 (Fla. 2d DCA 2005), this court held that a prison inmate is entitled to judicial review of a disciplinary report that is based on allegedly tainted evidence or improper procedures. A mandamus petition seeking review of a prison disciplinary proceeding should therefore be considered on its merits because the prisoner has a clear legal right to judicial review of that proceeding and no other remedy at law.
 
 Id.
 
 However, the caveat to this procedure is that the inmate must first exhaust all available administrative remedies in the prison system before seeking mandamus relief in the circuit court.
 
 Id.
 
 This same exhaustion requirement applies to mandamus petitions filed by residents of the FCCC.
 
 See Dep’t of Children & Family Servs. v. Burton,
 
 802 So.2d 467, 470 (Fla. 2d DCA 2001);
 
 Widel v. Venz,
 
 805 So.2d 1080, 1081 (Fla. 5th DCA 2002).
 

 Here, the circuit court denied Fin-frock’s petition, stating that Finfrock had not established a clear legal right to the relief sought. This ruling was incorrect because Finfrock had a right to judicial review of the challenged disciplinary report. However, Finfrock did not allege that he had exhausted his administrative remedies, nor did he attach any documents showing that he had pursued any administrative remedies, nor did he allege that no administrative remedies existed. In the absence of such allegations and evidence, Finfrock’s petition was premature. Accordingly, we affirm the denial of Fin-frock’s petition without prejudice to him exhausting his administrative remedies within the FCCC and then seeking further
 
 *779
 
 relief in the appropriate circuit court if necessary.
 

 Affirmed.
 

 NORTHCUTT and MORRIS, JJ„ Concur.